### E. A. MOSELY *v.* A. J. JAMISON.

ATTORNEY AND CLIENT. *Right of party to dismiss suit.*

> Though the plaintiff in an action of damages for assault and battery contracts to give his attorney, for prosecuting the suit, one-half the recovery, besides paying his actual expenses, and agrees also not to compromise without the attorney's consent, he may, without such consent, compromise with the defendant, and dismiss his suit.

FROM the circuit court of the first district of Chickasaw county.

HON. NEWNAN CAYCE, Judge.

Mosely instituted an action for damages against Jamison for assault and battery, and agreed to give his attorney who brought the suit one-half the recovery for his services. He also agreed to pay the actual expenses incurred by the attorney while prosecuting the suit. After several trials and appeals to the supreme court, when the costs had become very large, the parties entered into an agreement of compromise, by which Jamison was to pay Mosely $150, and was also to pay the costs. He paid the costs, in accordance with the agreement, and the case was dismissed. This was without the

knowledge or consent of the attorney who brought the suit. He being notified of the compromise, appeared during the term and moved the court to set aside the order of dismissal and re-instate the case. He showed to the court his interest as above stated; that he had prosecuted the suit in good faith, finally recovering a judgment in favor of the plaintiff for five thousand dollars, which had been reversed on appeal prior to the compromise; that he had incurred an expense in the litigation of not less than fifty dollars; that the compromise was made without his knowledge or consent, and after he had given the defendant notice that he owned a half-interest in the suit, and that Mosely was not authorized to compromise without his consent. With said motion the attorney asked leave to amend the declaration, under § 1507, code 1880, so as to make himself a party plaintiff. The motion was overruled, and the attorney filed a bill of exceptions setting out the above facts, and threatened to appeal to the supreme court. Jamison being informed of this, refused to pay the $150, whereupon Mosely instituted this suit against him for the recovery of the amount. He defended upon the ground that the agreement had not been complied with on Mosely's part, and that the original suit had not been finally disposed of; that the attorney had given him notice not to pay Mosely, and of his intention to appeal; that, inasmuch as the two years within which an appeal could be prosecuted had not expired, the suit was still pending and undetermined. The facts above stated were shown at the trial, and it was also shown that Mosely had agreed not to compromise the case without consent of his attorney.

On behalf of defendant, the court instructed the jury that if the attorney of record had an interest in the suit as stated, and that it was mutually agreed that the same should not be dismissed without his consent, then, without such consent, Moseley could not dismiss the suit, and plaintiff could not recover. Defendant prevailed and plaintiff appeals.

*E. A. Mosely*, appellant, *pro se.*

Plaintiff has done all he could in carrying out the agreement to dismiss the suit. The attorney in the original suit cannot maintain himself by an appeal. He was not a party to the suit, and was not liable for costs. Plaintiff was alone liable, and he settled with the defendant in good faith and for the purpose of avoiding further liability. If the judgment of the court below be affirmed, the precedent will be established that an attorney has the right to continue a suit, and prosecute an appeal therein, over the protest of the client.

*W. R. Harper*, on the same side.

After judgment, a lawyer acquires a lien for his fees; before judgment, he has no such right. 10 Mes. & W., 18; 103 Mass., 33. This is true whether the fee be fixed or contingent. It is universally held that, before final judgment, a plaintiff has the right to settle and dismiss his suit without consulting his attorney, there being no fraud or collusion. 35 Fed. R., 638. Mosely only agreed to dismiss his suit. He had not agreed to await the pleasure of every intermeddling stranger to try his hand at litigation.

*A. J. Jamison*, appellee, *pro se.*

Plaintiff is not entitled to recover the $150, because he has not complied with the terms of settlement. The original suit was not finally disposed of. The attorney has two years to perfect an appeal, and before the expiration of that time, without his consent, the case cannot be considered finally settled. Under the agreement between plaintiff and his attorney, it was shown that the case could not be disposed of without the attorney's consent. The court below properly held in accordance with this view.

CAMPBELL, C. J., delivered the opinion of the court.

The appellant is entitled to the judgment he seeks in this case. He and Jamison had a perfect right to compromise and settle their controversy as they did. There is no danger

whatever, on the facts appearing in this record, that Jamison will be held further liable in the action of Mosely against him in Clay county, at the suit of Mosely or his attorney. The right of parties to settle their suits in good faith, and without collusion for the express purpose of wronging another, is undisputed and indisputable, even in England, where costs to attorneys are regulated by law, and taxable, and, *a fortiori*, must that right be recognized here, where there are no taxable costs in favor of attorneys. Weeks on Attorneys at Law, § 382, and cases cited in note 3; 1 Am. & Eng. Enc. L., p. 970 *et seq.*, and notes.

The claim of an assignment of an interest in Mosely's claim for damages against Jamison to the attorney, and his right to prosecute the action in Clay county, because of this, need not disturb Jamison's fears. He can never be hurt by it.

*Reversed, and remanded for a new trial in accordance with this opinion.*