NEW ORLEANS & N. E. R. Co. *v.* TALLY & MAYSON.

[69 South. 186.]

ATTORNEY AND CLIENT. *Compensation and lien.. Settlement with Client.* Where a client places a claim against a railroad company for damages in the hands of an attorney for collection, on a contingent fee of one-half of the recovery, and this attorney agreed with appellees to split his fee in the case in half with them, and afterwards the claim agent of the railroad company settled the claim with the first attorneys employed and their client, having notice at the time of appellees claims. In such case appellees could not hold the railroad company for their part of the fee although they have received nothing from the attorneys employing them.

APPEAL from the chancery court of Lamar county.
HON. R. E. SHEEHY, Chancellor.

Suit by Tally & Mason against the New Orleans & North Eastern Railroad Company. From a judgment for plaintiff, defendant appeals.

In May, 1912, one J. J. Jones, of Mansfield, La., was injured at Eastabuchie, Jones county, Miss., by one of appellant's passenger trains, and some time between the date of the injury and the 18th of July, 1912, Jones employed a firm of Louisiana lawyers to collect damages

from the railroad company for his injuries, and trans-
ferred in writing to them, as compensation for collecting
damages, fifty per cent. of any recovery the attorneys
might be able to obtain either by suit or compromise.
These Louisiana lawyers associated appellees with them
for the purpose of collecting the claim by suit or other-
wise; that paragraph of the letter by which this was
done being in the following language:

"Mr. Jones has placed this matter in our hands, and
we now transfer it to you on a basis of twenty-five per
cent. of what you recover. In other words, we have tak-
en the case on a basis of fifty per cent., with the under-
standing that we advance the necessary court costs. We
are willing, therefore, to split our fee with you. Of
course, we expect to furnish you with the evidence; and,
if you think it essential or necessary, one of the mem-
bers of our firm will be present at the trial."

Appellees pursuant to this employment, called upon
appellant for a settlement, and advised it that they had
been assigned twenty-five per cent. of the amount that
might be recovered as compensation for their services.
Appellant's claim agent, with appellees' knowledge and
consent, went to Mansfield, La., for the purpose of see-
ing Jones in person in order to determine the amount
for which he would be willing to settle the claim. While
there he effected a compromise with Jones and his Lou-
isiana lawyers for the sum of $800, which he then and
there paid over to them.

According to the evidence for appellees, when the
claim agent was discussing with them his intention to
call on Jones in person, they notified him not to settle
with Jones, and he not only agreed not to do so, but
agreed to make settlement with them. According to the
claim agent, all that he agreed to do was to protect ap-
pellees in the matter in so far as he could. When the
settlement was made, the claim agent obtained from the
Louisiana lawyers, according to his testimony, a prom-

ise to pay appellees their portion of the fee. This, however, was not done, and this suit was afterwards filed by appellees in order to recover from appellant twenty-five per cent. of the amount for which the claim was compromised. From a decree in their favor, this appeal is taken.

*A. S. Bozeman* and *R. H. & J. H. Thompson,* for appellant.

It is utterly unimportant in this case that Mr. Bozeman and Mr. Seixas knew that the appellees had been employed as associate counsel in the case and certainly unimportant that they were forbidden by appellees to settle the claim with either the injured Jones or his Louisiana lawyers, or with them jointly.

The case of *Harris* v. *Hazlehurst Oil Mill etc., Co.,* 78 Miss. 603, we submit, is without application to this case. Had the railroad company ignored the claim of the Louisiana lawyers and made settlement with Jones, they might in a suit against the railroad for their fees have found support in the Harris case, by showing an equitable assignment *in praesenti* to them of an interest in the cause of action, but complainants' demand does not stand upon as high a plane as the demand of the Louisiana lawyers would have stood on such showing had their rights been ignored. Appellees only had employment as associate counsel upon a contingent fee to be measured by the amount recovered.

In the Harris case it appeared from an agreed statement of facts that the attorneys had obtained an equitable assignment *in praesenti* of forty per centum of the amount of the judgment to be obtained. The Harris case did not involve an agreed settlement between the litigants. The Hazlehurst, etc., Co. did not settle with Harris, and the rights of the parties to a controversy to adjust and settle their differences was not involved;

on the contrary, the right of the Hazlehurst Company to force a settlement was the *lis mota.*

The settlement involved in this case was made with the Louisiana lawyers, the client participating therein, and neither the client nor his leading attorneys are complaining. There was no assignment whatever, or pretense of assignment, from Jones, the injured party, to the appellees; whatever rights they have were obtained from the Louisiana lawyers and their contract, construing it most favorably for them, was nothing more than an employment of them by the Louisiana lawyers as associate counsel for a contingent fee to be measured by the extent of the recovery.

Nor is the appellees' case aided by the case of *Wells* v. *Edwards House, etc., Co.,* 96 Miss. 191. In the Wells case the attorneys had a perfect assignment in writing of an interest in the cause of action and the case fell squarely within our statute authorizing such an assignment. The claim of the appellees is without our statute.

*N. C. Hill,* for appellee.

We insist that the cases relied upon by counsel for appellant have no application to this case whatever. That whatever there might be in their contention in the early cases cited is absolutely overruled by the cases of: *Harris* v. *Hazlehurst Oil Mill & Fertilizer Co.,* 78 Miss. 603; *Wright* v. *Hardy,* 76 Miss. 534. If the two cases above cited do not knock appellant's contention clear out of the ring, we submit that the case of *W. Calvin Wells, Jr.,* v. *Edwards House and City Ry. Co.,* 96 Miss. 194, 50 So. Rep. 628, does absolutely settle any contention that could be raised by appellant with reference to the correctness of the judgment of the court below.

Appellant's claim agent, who settled this entire transaction, under A. S. Bozeman, division counsel for appellant, admitted—at least, he did not deny that he promised Tally & Mayson if they would furnish him the ad-

dress of the said Jones, and really the record shows that Tally & Mayson, out of fairness to appellant, informed appellant's claim agent that they were afraid that Mr. Pegues, the member of the firm of Louisiana lawyers who was handling this matter, was withholding some information and consented that he go to Louisiana and see Mr. Jones himself and satisfy himself as to the extent of his injury as he could go practically without any expense, and the appellant's representative assured appellee that he would not make any settlement of the case, except with them, and that in all events he would protect their interest. He knew of appellees' interest in this case, and they were the only attorneys he originally knew in the case; and there is no rule of law or equity, and surely no sort of pretense of right would permit appellant to do what they have sought to do in this case. And we, therefore, respectfully submit that the judgment of the learned chancellor in the court below was eminently correct, and ought to be affirmed.

SMITH, C. J., delivered the opinion of the court.

(After stating the facts as above). This case is ruled by *Mosely* v. *Jamison,* 71 Miss. 456, 14 So. 529, and *Cochran* v. *Henry,* 65 So. 213.

> *Reversed and decree here for appellants.*