## DE ARMOND v. FINE.

[72 South. 145.]

1. NEW TRIAL. *Property. Release. Pleading specially. Dismissal and nonsuit. Application. Signature. Filing original. Attorney and client*

   Where the record discloses no error committed either in the introduction of testimony or in the instructions granted to both plaintiff and defendant, the court should not set aside the judgment of the lower court on appeal.

2. RELEASE. *Pleading specially.*

   A release is in the nature of an accord and satisfaction and must be specially pleaded.

3. DISMISSAL AND NONSUIT. *Application. Signature. Filing original.*

   Where the original petition of plaintiff to dismiss her action for slander was never filed in court, but only an unsigned copy thereof was filed by defendant's attorney, it was error for the court to sustain defendant's motion to dismiss the case, since all pleading must be duly signed by the parties or their attorneys of record.

4. ATTORNEY AND CLIENT. *Rights relative to dismissal.*

   An attorney of record is entitled to the highest consideration at the hands of the court, he is something more than a agent; he is a sworn officer of the court and has entire management and control of the pending case so long as the relationship of attorney and client exists, and his rights should not be ignored and a case dismissed over his protest until he has withdrawn from it or until the court, upon petition of his client, has removed him or has terminated the relation of attorney and client.

APPEAL from the circuit court of Jones county.

HON. J. B. JOHNSON, Judge.

Suit by Mrs. Ada De Armond, against Nathan Fine. There was a judgment for plaintiff which was set aside and a new trial granted defendant, and from judgment of dismissal on deefndant's motion, plaintiff appeals.

The facts are fully stated in the opinion of the court.

111 Miss.—47

*R. L. Bullard,* for appellant.

*Stone Deavours* and *D. B. Cooley,* for appellee.

Sykes, J., delivered the opinion of the court.

Suit was instituted by the appellant, Mrs. De Armond, against Nathan Fine, appellee, in the circuit court of the Second district of Jones county for the sum of twenty-five thousand dollars damages for slander, based upon the actionable-word section of the Code of 1906 (section 10). The defendant denied uttering the slander. The issues were properly submitted to a jury, resulting in a verdict and judgment for the plaintiff in the sum of three thousand, five hundred dollars. Before the institution of the suit, the plaintiff, Mrs. De Armond, had assigned to certain attorneys a one-half undivided interest in whatever sum of money became due her by virtue of her claim against the defendant. The attorneys mentioned in this assignment, however, did not represent the plaintiff in the trial in the court below, but assigned the assignment to the attorneys of record of the plaintiff; which arrangement was consented to by the plaintiff.

Judgment was entered in favor of the plaintiff upon the verdict of the jury for the sum of three thousand, five hundred dollars, and defendant thereupon filed his motion for a new trial. The record does not show that any testimony was introduced upon a hearing of this motion; but the motion was sustained, and the judgment and verdict set aside, and a new trial granted the defendant. To all of which proceedings the plaintiff, through her attorneys, objected and duly excepted. A special bill of exceptions was taken to the action of the court in setting aside the judgment and verdict of the first trial. At a subsequent term of court, the defendant filed five special pleas, all alleging in substance that, since the institution of the suit, the plaintiff had in writing voluntarily withdrawn her suit and released the

defendant from any liability on account thereof.    An alleged copy of this release and withdrawal was attached as an exhibit to the special pleas, reading as follows:

"Mrs. Ada De Armond, Plaintiff, v. Nathan Fine, Defendant.    No. 744.

"In the Circuit Court of the Second District of Jones County, Mississippi.

"I, Ada De Armond, plaintiff in the above-styled suit here and now voluntarily withdraw my said suit against Nathan Fine; and discharge and release the said Nathan Fine from any and all liability on account of the matters and things alleged and set forth in said declaration filed in said suit; and discharge and release the said Nathan Fine from any and all liability, of whatsoever kind or character, to me as plaintiff in the above-styled suit.

"I withdraw and discontinue the said suit against the said Nathan Fine, because I believe the said suit was wrongfully brought, and I further believe that the said Nathan Fine did not utter the false, scandalous and defamatory words alleged to have been used by him in said suit.

"Witness my signature this the 26th day of March, 1914.                           Mrs. Ada De Armond.

"Witness: T. T. Terry."

A replication to these pleas was duly filed by the plaintiff, denying, in substance, the facts set out in said pleas.    A motion was then made by the attorneys of the defendant to withdraw all of the special pleas, which motion was sustained by the court.    A motion to dismiss the suit was then made by the attorneys for the defendant, and attached to this motion to dismiss was an alleged copy of the release or petition to withdraw her case, purporting to have been signed by the plaintiff. Without hearing any testimony whatever upon this motion, and over the protest and objection of counsel for the plaintiff, the motion was sustained and the case

dismissed, to which action of the court the attorneys for the plaintiff duly objected and excepted, and from which judgment of dismissal this appeal is prosecuted.

A careful examination of the record in this case does not disclose that there were any errors committed either in the introduction of testimony or in the instructions granted to both the plaintiff and defendant on the first trial. We are therefore unable to find in the record any errors upon which the judgment of the court in favor of the plaintiff should have been set aside.

The copy of the paper attached to the motion of counsel for defendant to dismiss the suit seems to have been of a twofold nature, viz., partaking somewhat of the nature of a release, and, second, being in the nature of a petition to withdraw or dismiss her suit. Considered in the nature of a release, it should have been pleaded specially by the defendant. A release is in the nature of an accord and satisfaction, and it requires no citation of authorities from us to the effect that it must be especially pleaded. If we treat this paper as a copy of a petition of the plaintiff, herself, to dismiss her case, then it was error in the court to sustain the motion; for the reason that the original petition was never filed in court. All pleadings must be duly signed by the parties themselves, or their attorneys of record. This copy was not so signed. Consequently, there was nothing before the court upon which the motion to dismiss could be based. An attorney of record is entitled to the highest consideration at the hands of the court. He is something more than an agent. He is a sworn officer of the court and has the entire management and control of the pending case so long as the relationship of attorney and client exists, and his rights should not be ignored and a case dismissed over his protest until he has withdrawn from it or until the court, upon petition of the party, has removed him, or has terminated the relation of attorney and client.

"Where an attorney at law is once admitted to represent a party in a suit, he cannot be discharged and another attorney substituted, until the suit is ended, unless with the consent of the court. This leave of court must be obtained by a proper proceeding for the purpose, as by motion, and in England, as also in some states of this country, an attorney cannot be changed without an order of court." 2 R. C. L. p. 961.

"It is further contended that the attorney is simply the agent of his client. To a certain extent, this is true; but he is more than an agent. He is also an officer of the court, and within his sphere and in the line of his special powers he is as independent as the judge of the court, and has not only his duties and obligations to the court and to his client, but he has rights and powers entirely different from and superior to an ordinary agent. An agent receives his orders from, and is directed absolutely and wholly by, his principal, in the management of his business. On the other hand, the business of the client which is submitted to his attorney is managed entirely by the attorney, and the client is advised and directed by him. As to the business committed to his care, the attorney is the sole manager and director. Hence his responsibilities are much greater than those of an ordinary agent. His reputation and his abilities are at stake to some extent in every case he undertakes. Hence the law says the client shall not discharge him arbitrarily in the midst of the performance of his duties. But, if you desire to change attorneys, you may do so with the consent of the court in a proper proceeding." *Curtis* v. *Richards*, 4 Idaho, 434, 40 Pac. 57, 95 Am. St. Rep. 134.

"It is indispensable to the decorum of the court, and to the due and orderly conduct of a cause, that the attorney have the management and control of the action, and that his acts go unquestioned by any one except the party whom he represents. So long as one remains attorney of record, the court cannot recognize any other

as having the management of the case,. and his right to control and manage the action cannot be questioned by the opposite party.  While, as has been seen, a party to an action may appear either in his own proper person or by attorney, he cannot do both.  If he appears by attorney, he must be heard through such attorney. If the party for any cause, becomes dissatisfied with his attorney, the law points out a remedy by motion to the court for leave to change his attorney; but until this has been done he is persumed to have authorized the attorney so to act in the course of the proceedings as may, with the latter's superior knowledge of the law, seem necessary and proper, and the client has no right to control his attorney in the due and orderly conduct and management of the case.  Such a rule is not only indispensable to the orderly conduct of a cause but is likewise a safeguard to the client against the intrigues of his adversary." 2 R. C. L. p. 987.

The motion to dismiss this case was not made by the plaintiff in her own person, neither was it made by her attorneys of record, who protested against its dismissal, but, strange to say, was made by the attorneys for the defendant.  There was nothing whatever upon which the court could sustain this motion.  It should therefore have been overruled.

The case is reversed, and judgment will be entered here in favor of appellant for three thousand, five hundred dollars, the amount of the verdict of the jury in the court below.

Reversed, and judgment here for appellant.

*Reversed.*