Bogle *v.* State.

(Division B.   Dec. 9, 1929.)

[125 So. 99.   No. 28396.]

Butler & Snow, of Jackson, for appellant.

Forrest B. Jackson, Assistant Attorney-General, for the state.

Argued orally by **George Butler**, for appellant, and by **Forrest B. Jackson**, Assistant Attorney-General, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

M. E. Bogle sued out a writ for certiorari to bring a judgment of the county court into the circuit court to determine the validity of the county court's judgment of conviction of the appellant for the violation of the game law.

It was alleged in the petition that the county attorney made and filed an affidavit against petitioner in the county court of Lauderdale county, Mississippi, which appellant alleges upon information and belief to be based upon certain ordinances of the board of supervisors of the county; copies of the affidavit, plea of guilty entered by attorney for the appellant, and several ordinances were made exhibits to the petition. It was averred he had been fined ten dollars and costs, and the costs amounted to three hundred fifty-eight dollars and thirty-five cents, making a total of three hundred sixty-eight dollars and thirty-five cents. He further stated that the affidavit charged no offense under the laws of the state or any valid police regulations of the board of supervisors and is wholly insufficient upon which to base a prosecution. He then averred: "Petitioner further avers that he did not, in fact, plead guilty to the charge against him, and from information and belief avers that he was tried, convicted and fined in his absence." The circuit court quashed the petition and writ of certiorari and affirmed the judgment of the county court, from which this appeal is prosecuted.

The affidavit made exhibit to the petition avers: "That M. E. Bogle, on or about the 7th day of December, 1928 in said county did unlawfully keep, possess and confine ten live quail, partridge or bob white in a crate or box in Lauderdale county, Mississippi, which said live quail, partridge or bob white are not so kept, possessed or confined in interstate commerce, and in the original container and which said quail, partridges or bob white are not so kept, confined or possessed by the said Bogle for strictly scientific purposes, against the peace and dignity of the State of Mississippi."

It is urged first that the plea of guilty by the attorney is void; that pleas of guilty can only be entered personally and not through an attorney. It will be noticed from the recitals of the petition with reference to the trial of the appellant that he does not allege that he had not employed the attorney who entered the plea of guilty, nor does he allege that he did not authorize the attorney to enter the plea of guilty for him. We have recently had under review the question of attorney and client and powers of attorneys and the presumption attending their employment. Hirsch Bros. & Co. v. Kennington Co. (Miss.), 124 So. 344. In the third syllabus to that opinion it is said: "Where an attorney appears for a party in litigation proceedings pending in court, or to be instituted therein, it will be presumed that he had authority to appear, and the burden is upon the party attacking the judgment to show clearly that the attorney had no power to act. The mere fact that one has acted as attorney for another does not alone and of itself create the relation, but it must be created by contract or by law." In the opinion at page 349, Southern Reporter, we said: "We think this elemental that the attorney must be employed by the client. When the relation exists, then the attorney, for the purposes of his employment and in the scope of his duty, is the alter ego of the client, or the person represented."

In Scarborough v. Harrison Naval Stores Co., 95 Miss. 497, 52 So. 143, 144, it was held that the acts of an attorney, so far as the procedure in a case is concerned, are always binding on his client. In the closing part of the opinion on this point it is said: "In the case at bar appellee, through its counsel, not only examined the notes, but actually approved same. When the notes are in fact examined and approved by a party litigant, either in person or by his attorney, the benefit intended to be conferred by the notice has been obtained. The acts of an attorney, so far as the procedure in a case is concerned, are always binding on his client."

In De Armond v. Fine, 111 Miss. 737, 72 So. 145, in the fourth syllabus it is said: "An attorney of record is entitled to the highest consideration at the hands of the court, he is something more than an agent; he is a sworn officer of the court and has entire management and control of the pending case so long as the relationship of attorney and client exists, and his rights should not be ignored and a case dismissed over his protest until he has withdrawn from it or until the court, upon petition of his client, has removed him or has terminated the relation of attorney and client." On page 741 of the Mississippi Reporter, 72 So. 146, in the opinion, the court said: "It is indispensable to the decorum of the court, and to the due and orderly conduct of a cause, that the attorney have the management and control of the action, and that his acts go unquestioned by any one except the party whom he represents. So long as one remains attorney of record, the court cannot recognize any other as having the management of the case, and his right to control and manage the action cannot be questioned by the opposite party."

From these authorities it is clear that, on a certiorari where there is a plea of guilty by the attorney for the client, his action in pleading guilty will be presumed to be by the consent and acquiescence of the client, and

that he is presumed to have been employed to do what he did do. The petition did not negative the presumption, and it is doubtful if it could have been done in the certiorari proceeding. It would probably have to be done by a different method of attacking the judgment. Furthermore, it appears to be the general rule that in misdemeanors the attorney has power, when employed by his client, to enter a plea of guilty or not guilty. 2 Ency. Pl. & Pr. 773, 16 C. J. title Criminal Law, section 272. This being true, then under section 572, Hemingway's Code of 1927 (section 775, Code 1906), the affidavit was subject to amendment if it was insufficient to charge the offense intended to be charged.

By section 479 of Hemingway's Code of 1927 (section 687, Code of 1906), the provisions of that chapter are made applicable to all courts, and this embraces the county court. Furthermore, by section 726, Hemingway's Code of 1927 (Laws of 1926, chapter 131, section 2), the procedure as to pleading, practice, and procedure in county court is the same as established to govern other courts in respect to the several matters mentioned. By section 1229, Hemingway's Code of 1927 (section 1413, Code of 1906), it is provided that: "A person shall not be acquitted or discharged in a criminal case, before verdict, for any irregularity or informality in the pleadings or proceedings; nor shall any verdict or judgment be arrested, reversed, or annulled after the same is rendered, for any defect or omission in any jury, either grand or petit, or for any other defect of form which might have been taken advantage of before verdict, and which shall not have been so taken advantage of."

It only remains to see whether any crime was, or could have been by amendment, charged against the defendant with relation to the acts alleged to have been done by him. It would not be necessary on a plea of guilty to prove an ordinance by the board of supervisors, as the effect of the plea is to confess the sufficiency of the af-

fidavit if there is in fact a statute or ordinance which supports the affidavit. If it was within the power of the board to enact such an ordinance, then the plea of guilty dispensing with the production of it could not be questioned under the certiorari proceeding, because the existence of such an ordinance and such a proceeding would be presumed, and on certiorari the court only looks to the face of the record, to what appears by record, and not to what might have appeared had the plea of guilty not been entered and had there been a contest by a plea of not guilty.

By section 5363 of Hemingway's Code 1927, (Laws 1922, chapter 181, section 2), the board of supervisors is given power to adopt needful regulation or to repeal or modify such regulations, not contrary to law, as may be necessary or proper for the protection and preservation of bird, game, or fish in their respective counties, etc. By section 5364, Hemingway's Code 1927 (Laws 1922, chapter 181, section 3), the board may prohibit entirely the taking of game and fish. These sections are ample to authorize the board to pass needful regulations, and the affidavit and the plea of guilty, as above stated, must be to dispense with the production of such ordinances, in legal effect confessing the existence of an appropriate ordinance to support the affidavit.

It is urged that section 5380 of Hemingway's Code of 1927 (Laws of 1926, chapter 178, section 12), as amended by Laws 1928, chapter 2, has the effect of invalidating the judgment rendered. In our opinion it is not necessary for the affidavit to negative the provisions of this section as it is contained in a separate section and is defensive, or must be made to appear by way of defense, but, even if it was necessary for the affidavit to negative the provisions contained in this act, the affidavit being amendable, it would have been necessary to have raised the question at the trial. As the appellant was represented by attorney at the trial and had full opportunity to

know the sufficiency of the charge against him and saw proper to enter a plea of guilty, we think the question cannot be reviewed by certiorari under the facts set forth in the petition before us.

The judgment of the circuit court will therefore be affirmed.

Affirmed.