ZERKOWSKY *v.* ZERKOWSKY.

(In Banc. Jan. 5, 1931.)

[131 So. 647. No. 28372.]

Brandon & Brandon and Kennedy & Geisenberger, all of Natchez, for appellant.

Green & Green, of Jackson, for appellant.

Brandon & Brandon and **L. T. Kennedy,** all of Natchez, and **Green & Green,** of Jackson, for appellant.

**Engle & Laub,** of Natchez, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

On December 27, 1926, the appellant wrote the following letter:

"Messrs. Brandon & Brandon, Attorneys-at-Law, Natchez, Mississippi.

"Gentlemen: I, the undersigned Seaman Zerkowsky, hereby employ you as my attorneys to represent me in the matter of my claim against Charles Zerkowsky for an accounting, division and partition of the property, etc., arising out of an original co-partnership between myself and said Charles Zerkowsky; authorizing you to bring any and all suits and actions at law and in equity which you deem advisable and necessary in the advancement of my interest; and I do hereby agree to pay you for your services rendered and to be rendered in the premises thirty-three and one-third (33⅓%) per cent of all moneys, properties, choses in actions, and other things in value which you may recover for my benefit, over and above the value of the property which already stands in my name. I do further authorize and empower you to associate with yourselves as associate-counsel, Mr. L. T. Kennedy, attorney, at Natchez, Mississippi, upon such arrangements as you may make with him,—his services to be paid for out of the above provided thirty-three and one-third per cent to be paid to you.

"[Signed] SEAMAN ZERKOWSKY."

In accordance with this letter, Brandon & Brandon associated Kennedy with them and filed the original bill herein against Charles Zerkowsky for an accounting, and prosecuted the suit to a conclusion in the court below, resulting in a decree dismissing the bill. With the appellant's consent, these attorneys appealed the case to this court, where it is now pending.

After the suit was begun, friendly relations which had been broken off between Charles and Seaman Zerkowsky were re-established, and, after the appeal was taken, Charles Zerkowsky died, leaving a will by which he bequeathed a substantial legacy to Seaman. This legacy was subject to a deduction of five thousand dollars, but the other legatees have agreed with Seaman that this deduction be not made.

On October 18, 1930, after the death of Charles, Seaman wrote Brandon & Brandon as follows:

"On account of the death of my brother Charles I am writing to notify you of my desire to abide by the decision of the Chancery Court in regard to my case. I do not want to have the suit revived against the Estate & am willing to pay the cost of dismissing the appeal to the Supreme Court. I am taking this action because I do not want to involve the Estate in any litigation or to take any legal action against my relatives I hope to have stated my feelings clearly in this letter.

"Very truly Yours,

"[Signed] SEAMAN ZERKOWSKY."

On November 15, 1930, Brandon & Brandon and Kennedy filed a motion herein suggesting the death of Charles, and praying that the suit be revived in the name of his executors.

Four days after this motion was filed, a motion signed by Seaman Zerkowsky in person was filed praying for permission to dismiss the appeal. A motion to strike this motion to dismiss from the record was then filed by

Brandon & Brandon and Kennedy. All of these motions were submitted together.

The question presented for decision is the right vel non of the appellant to dismiss his appeal.

The contract by which the appellant employed his attorneys contains no assignment of any interest in his claim against the appellee, but is a mere agreement for the payment of an attorney's fee contingent on a recovery. The cause therefore does not come within chapter 134, Laws 1916, Mississippi Code of 1930, section 505. In the absence of an assignment to his attorneys of an interest in his cause of action, a complainant has the right to dismiss his suit and discharge the defendant without the consent of his attorneys, although the fee he agreed to pay his attorneys is contingent on a recovery, provided he acts ''in good faith, and without collusion for the express purpose of wronging'' his attorneys. Mosely v. Jamison, 71 Miss. 456, 14 So. 529; Cochran v. Henry, 107 Miss. 233, 65 So. 213; New Orleans & N. E. R. Co. v. Tally & Mayson, 109 Miss. 393, 69 So. 186; Lamar County v. Tally & Mayson, 116 Miss. 588, 77 So. 299.

The evidence here submitted fails to disclose that the appellant was not acting in good faith in asking to dismiss his appeal.

The appellant was under no obligation to appeal the case, and therefore has the right to dismiss his appeal. Lamar County v. Tally & Mayson, supra.

Had the appellant recovered a judgment in the court below and thereafter attempted to settle with the appellee, over the objection of his attorneys, a different question would be presented. Sivley v. Sivley, 96 Miss. 134, 50 So. 552; Lamar County v. Tally & Mayson, supra.

But it is said by the appellant's attorneys that the motion to dismiss the appeal was not filed by them and should not be considered unless and until the appellant with the consent of the court discharges them, citing De

Armond v. Fine, 111 Miss. 737, 72 So. 145; Bogle v. State, 155 Miss. 612, 125 So. 99.

We are not here confronted with an attempt by a client to change his attorneys or to conduct his own case without discharging his attorneys, as to which we express no opinion. The appellant is seeking, over the objection of his attorneys, not to proceed with the trial of his case, but to dismiss it, and to require him to first discharge his attorneys before he can do this would be a useless formality.

Again it was said in the oral argument that it appears from the evidence that the appellant's mental condition is not such as to warrant the court in dismissing the case on his own application therefor. The motion to strike the motion to dismiss the appeal contains no such averment, but aside from that the evidence does not support the charge.

The motion to strike the motion to dismiss from the files will be overruled, and the motion to dismiss the appeal will be sustained, and the appeal will be dismissed. So ordered.