BRANDON *et al. v.* ZERKOWSKY.

(Division B. June 12, 1933. Suggestion of Error Overruled July 7, 1933.)

[148 So. 797. No. 30600.]

Brandon & Brandon and **L. T. Kennedy,** all of Natchez, for appellants.

**L. A. Whittington** and **Engle & Laub,** all of Natchez, for appellee.

Argued orally by **Gerard Brandon** and **L. T. Kennedy,** for appellant, and by **Chas. F. Engle,** for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellants, who are attorneys at law, brought this action to recover a fee from the appellee, Seaman Zerkowsky. It appears that the appellee entered into a contract with the appellants, Brandon & Brandon, to enforce an accounting in an alleged partnership between the appellee, Seaman Zerkowsky, and his brother Charles Zerkowsky. The theory of the bill for an accounting of the partnership was that there had been a partnership for a number of years between Seaman and Charles Zerkowsky, but that the business had been run in the name of Charles Zerkowsky. The alleged contract of employment of the attorneys, Brandon & Brandon, was entered into on December 27, 1926, and provided for a contingent fee of one-third of all money, property, choses in action, and other things of value which said attorneys might recover in said suit for the benefit of Seaman Zerkowsky. It was also provided that Brandon & Brandon might associate with them L. T. Kennedy, another attorney, and that the compensation due Mr. Kennedy was to be paid out of the fee allowed to Brandon & Brandon. Thereupon, suit was instituted and proceeded to trial, during which it became necessary for Seaman Zerkowsky to amend, in material particulars, his bill; and, accordingly, the case was withdrawn from the court and the amendment allowed. Some two years after, the case again came to trial resulting in a dismissal of Seaman Zerkowsky's bill by the chancery court. An appeal was prosecuted to this court and argued before division B, which re-

manded it for argument before division A and for decision by the court in banc. Before the case was argued before division A, however, Charles Zerkowsky died, and Seaman Zerkowsky, thereupon, desired to dismiss the appeal, he having been made a beneficiary under the will of Charles Zerkowsky. The attorneys, Brandon & Brandon, and L. T. Kennedy, conceiving that they were interested in the subject-matter of the litigation, objected to the dismissal of the appeal, and Seaman Zerkowsky then secured another attorney to secure a dismissal of the appeal in the supreme court.

On consideration of the motion to dismiss, the court, sitting in banc, held that the appellant, Seaman Zerkowsky, had a right to dismiss the appeal regardless of the contract for a contingent fee, which decision is reported in 160 Miss. 278, 131 So. 647. Thereupon, the present suit was filed, seeking to recover of Seaman Zerkowsky one-third of one-half of the estate of Charles Zerkowsky; or, if not entitled to that, then in the alternative, to recover one-third of whatever portion of the estate of Charles Zerkowsky received by Seaman Zerkowsky under the will and settlement; and, if mistaken in that regard, then for a reasonable attorneys' fee.

It appears that while the litigation was pending between Seaman Zerkowsky and his brother, Seaman became ill, and his brother Charles was so attentive and kind, paying all his hospital and medical bills, some two thousand dollars, that Seaman, upon reflection, made up his mind that he would dismiss the appeal and abide by the decision of the chancellor, and so told his brother Charles.

Subsequent to the illness of Seaman Zerkowsky, his brother Charles Zerkowsky made a will leaving to Seaman one-fourth of his property in Mississippi, which was extensive. He also had property in Louisiana which he willed to his niece and nephew, children of his brother, and to another brother, Isaac, willed a one-fourth interest in his Mississippi property. He charged the interest of

Seaman Zerkowsky with the amount of hospital and medical bills, two thousand dollars and with three thousand dollars attorneys' fees paid in the litigation in the chancery court. After the death of Charles Zerkowsky, all the other heirs were desirous of adjusting their matters as to his estate, and to avoid litigation, and, to that end, the other heirs agreed with Seaman Zerkowsky that if he would dismiss the appeal in this court, they would release him from reimbursing the estate with the amount of five thousand dollars, attorneys' fees and medical bills.

From the testimony, it appears that the real estate in Mississippi was of the value of ninety thousand dollars, and the personal estate in Mississippi was appraised by the administrator at about eighty-seven thousand dollars; but that the depreciation in securities, such as bonds, mortgages, notes, etc., had reduced the personal estate to about forty-three thousand dollars.

On the hearing, it appeared that Charles Zerkowsky had paid his attorneys in the chancery court a fee of three thousand dollars, or had agreed upon that fee, and had paid one-third of it prior to his death, and that he also employed another attorney to assist his local attorney in the defense of the suit on appeal, and had paid this attorney a fee of one thousand dollars.

The testimony before the chancellor as to what was a reasonable fee on the quantum meruit took a wide range and varied greatly, and the chancellor allowed a fee of two thousand dollars and no more. Some testimony for the appellants placed the fee as high as twenty thousand dollars and some at ten thousand dollars; while a witness for the defendant testified that upon the basis merely of time employed in necessary work, and without taking into consideration the question of the value of the estate, one thousand five hundred dollars would be a reasonable fee.

Of course, in determining what is a reasonable fee, many elements enter into a consideration of the question,

one of the chief elements being the amount involved in the controversy.

We have carefully considered all the evidence contained in the record, and have reached the conclusion that the fee allowed by the chancellor was unreasonably low. The testimony in the record as to an attorney regularly employed, not on a contingent basis, but for a fixed sum regardless of results, as bearing upon what is a reasonable fee, is quite convincing in determining what is a reasonable fee. While this is not controlling, it is highly persuasive. Taking this in connection with other facts and opinions, we conclude the fee allowed to be wholly inadequate.

Having all the facts before us, and reviewing the case as though we were the chancery court, and under the authority of the case of Joe Duck Kwong v. Board of Mississippi Levee Commissioners, 144 So. 693, we have decided that five thousand dollars would be a reasonable fee.

Therefore, we affirm the court below as to liability, and reverse and render judgment here as to the amount of attorneys' fees, fixing same at five thousand dollars, and costs.

Affirmed as to liability and judgment rendered as to amount.