CITY OF PASCAGOULA *v.* ADVERTISER PUBLISHING CO., INC.

No. 39848          December 19, 1955          84 So. 2d 157

*Karl Wiesenburg,* Pascagoula, for appellant.

*Watts & Colmer,* Pascagoula, for appellee.

ETHRIDGE, J.

Appellee, Advertiser Publishing Company, Inc., appealed to the Circuit Court of Jackson County from an assessment by the City of Pascagoula of the company's 1953 personal property taxes. The appeal was taken under Code of 1942, Sec. 1196, which provides in part: " . . . the controversy shall be tried anew in the circuit court at the first term, and be a preference case, and, if the matter be decided against the person who appealed, judgment shall be rendered on the appeal bond for damages at the rate of ten per centum on that amount in controversy and all costs."

Before the case came on for trial de novo in the circuit court, the company, taxpayer and appellant in that court, filed a motion to dismiss its appeal from the City's assessment. The circuit court sustained that motion, dismissed the cause, and assessed against the company and the surety on its appeal bond the accrued costs. The City filed a motion to assess the company with 10 percent damages under Code Sec. 1196, but it was overruled by the circuit court. The City appeals to this Court, claiming that the trial court erred in refusing to assess 10 percent damages. Appellant contends that the purpose of the 10 percent penalty is to penalize unsuccessful appellants for frivolous appeals from tax assessments, and that there was a final judgment in the circuit court dismissing the appeal.

██ Code Sec. 1196 provides for a 10 percent penalty where the appeal from the tax assessment has been ''decided against the person who appealed''. This penalty should be confined to its specific terms and strictly construed. The taxpayer, appellee here, had the right to voluntarily dismiss its appeal to the circuit court. Code 1942, Sec. 1538; Wolf v. Mississippi Valley Trust Co., 130 Miss. 144, 93 So. 581 (1922); Zerkowsky v. Zerkowsky, 160 Miss. 278, 131 So. 647 (1931); Harris v. Stewart, 187 Miss. 489, 501-502, 193 So. 339 (1939). ██ We do not think that the case was ''decided'' against the taxpayer in the circuit court within the meaning of Sec. 1196, so as to result in imposition of the 10 percent penalty upon the appealing taxpayer. The case was voluntarily dismissed, it was not tried de novo or decided on its merits, and hence it was not within the classification of unsuccessful appeals subject to the 10 percent penalty.

Affirmed.

*Roberds*, P.J., and *Lee, Holmes* and *Arrington*, JJ., concur.