144 So. 37

## FOSTER et al. v. STATE.

### 6 Div. 221.

Court of Appeals of Alabama.

June 7, 1932.

Rehearing Denied June 30, 1932.

144 So. 455

**NOLTEY v. STATE.**

8 Div. 622.

Court of Appeals of Alabama.

June 21, 1932.

Rehearing Denied June 30, 1932.

L. D. Gray, of Jasper, for appellants.

Thos. E. Knight, Jr., Atty. Gen., for the State.

No briefs reached the Reporter.

SAMFORD, J.

The defendants were jointly indicted under section 3474 of the Code of 1923 for having willfully defaced or injured a building known as Arley Masonic Lodge No. 602, the property of Most Worshipful Grand Lodge A. F. and A. M. of the State of Alabama, a body corporate, of the value of $300. The indictment was in Code form and was sufficient as against the demurrer filed. Code 1923, § 4556, form 26.

The offense denounced by this statute is against the possession and not against the title to the property. If the defendant Foster had the legal title to the property, there was a way open to her to assert this right in a legal and orderly manner. The law will not permit her to assert her right vi et armis as against one in possession under color of title. Perry v. State, 149 Ala. 40, 43 So. 18; Wallace v. State, 124 Ala. 87, 26 So. 932.

The deed from Aaron et al., trustees, etc., to Key et al., trustees of Arley Masonic Lodge, and the deed from L. S. Foster and M. S. Foster to Aaron et al., trustees for Arley School, both of which deeds described the property involved in this prosecution, were admissible as color of title under which the Grand Lodge A. F. and A. M. claimed possession. And, it appearing that the state of Alabama had not the custody or control of the above deeds and the same having been properly acknowledged and recorded, a duly certified copy of such deeds was admissible. Code 1923, § 6861.

The evidence of the witnesses Lovelady and Gibson was admissible as tending to show the continued possession of the property by the Grand Lodge A. F. and A. M. and that it had not been abandoned.

According to testimony of the defendants, Mrs. Foster was not entitled to the possession and had no legal right to pull down the house. This being the case, if there were any errors in the admission of evidence along this line, they were without injury.

The judgment is affirmed.

Affirmed.