POLLARD v. JOSEPH.

Division B. Feb, 12, 1951.

No. 37813 (50 So. (2d) 546)

Pollard & Hamner, for appellants.

Kimbrough, Kimbrough & McLean, for appellee.

**Roberds, P. J.**

This is an appeal from a decree of the chancery court sustaining a general demurrer to a bill of intervention filed by Pollard & Hamner in a cause then pending be-

tween Meelad Joseph, complainant, and Mrs. C. Joseph, respondent. The demurrer raised the point, among others, that the bill of intervention did not show that Pollard & Hamner had any vested interest in the cause of action against Mrs. Joseph or in the property which was the subject of the litigation. Since we think that contention is well taken, we consider no other. The question is to be solved under this state of facts.

T. Joseph departed this life in May 1939. He was then a citizen of the City of Greenwood, Leflore County, Mississippi. He owned real property in that city of the approximate value of ten thousand dollars. Apparently that comprised his estate. He executed a will, dated December 26, 1937, in which he devised that real estate equally to Mrs. Zine T. Joseph, his wife, and Nawie Joseph, a son, both resident citizens of Bzeldeed, Lebanon. These two devisees, with a son named Meelad Joseph, constituted his only heirs at law. In the will he bequeathed to Meelad one dollar.

On May 14, 1941, Meelad entered into a fee agreement with Pollard & Hamner, attorneys, to represent him in the contest of that will. The pertinent parts of that contract will be set out later. In 1941, these attorneys, in the name of Meelad Joseph, filed a caveat against the probate of the will on the ground his father did not have the mental capacity to execute the will. The will seems not to have been presented for probate.

On July 14, 1941, Meelad executed a deed to Mrs. Zine T. Joseph and Nawie Joseph to any title, or interest, he may have had in the property. Apparently Pollard & Hamner did not know of the execution of that deed. The deed was misplaced, or lost, and never placed of record.

Meelad entered the military service of the United States in March 1942, and was discharged in April 1944. During this time, nothing happened about his contest of the will.

On June 17, 1948, Mrs. Zine Joseph and Nawie Joseph a warranty deed to the property to Mrs. C. Joseph, the appellee herein.

In October 1948, Pollard & Hamner prepared and filed in this cause a bill on behalf of Meelad, in which, among other things, it was contended that the devise of real property to Mrs. Zine Joseph and Nawie Joseph was invalid, illegal and ineffectual because the devisees were nonresident aliens of Mississippi and of the United States and incapable of taking and holding title to real property in this State under Section 84 of the Mississippi Constitution of 1890 and that the provision of Chapter 354, Laws of Mississippi 1938, purporting to permit and enable ". . . citizens of Syria, or of the Lebanese Republic . . . to inherit property from citizens or residents of Mississippi, violates said Section 84 and also Section 90 of said Constitution, the latter section prohibiting the enactment of local, private or special legislation as to the cases therein enumerated.

Mrs. C. Joseph, respondent to the foregoing bill, made a motion to require complainant to give security for costs, which motion was sustained in the sum of $500. Meelad Joseph never complied with that order.

On February 16, 1949, apparently without the knowledge, or, at least, without the consent of Pollard & Hamner, Meelad Joseph executed another deed to all of his interest in the estate of his father, this deed being to Mrs. C. Joseph as grantee. The consideration was $100.

On the same day, he executed an affidavit averring that the assertion in his caveat to the effect his father was not of sound mind when he executed the will was incorrect; that, on the contrary, he was of sound mind and mentally capable of executing the will; that the instrument presented for probate was the true, genuine will of T. Joseph, and it vested in the named devisees fee simple title to the real property left by C. Joseph, the testator; and the will, and the two deeds of affiant, vested such title in Mrs. C. Joseph; that he purposely

had not complied with the order for security for costs because he did not intend to contest the will of his father, and he asked that his bill so doing be dismissed.

On April 4, 1949, Mrs. C. Joseph filed in this cause a motion to dismiss the bill of Meelad Joseph, attaching as exhibits thereto copy of the deed he had executed to her and his affidavit.

On June 4, 1949, Pollard & Hamner filed a petition in the cause for permission to intervene therein, and on the same day the chancellor granted such permission.

On June 8, 1949, the motion of Mrs. Joseph to dismiss the bill of Meelad Joseph was overruled.

On August 4, 1949, Pollard & Hamner filed their bill of intervention.

On September 13, 1949, Mrs. C. Joseph filed a general demurrer to the bill of intervention, which demurrer was sustained; petitioners refused to amend, or plead further, and the bill was dismissed, and they prosecuted this appeal.

As stated at the outset, the demurrer raised a number of points, one of which was that petitioners did not show they had any interest in the cause of action against Mrs. Joseph or had any vested interest in the subject matter of the suit.

The rights of appellants rest upon their fee contract with Meelad Joseph. That contract engaged the services of appellants as attorneys to represent Meelad Joseph in all matters pertaining to the estate of his father, including the contest of his will, both in the chancery court of Leflore County and in the Supreme Court of Mississippi in case of appeal, and for such services Meelad agreed ''. . . that parties of the second part shall have and receive an undivided one-third interest in and to all monies and property, real and personal that may be recovered from said estate by party of the first part in said litigation in full compensation to parties of the second part for their services in and about the estate aforesaid; and if said estate shall be settled by com-

promise between party of the first part and the other interested parties in said estate, then one-third of the amount so received on compromise shall become the property of the second part of services rendered in this matter.''

▆▆ ▆ That instrument did not vest in appellants any present interest in the cause of action or in the property in litigation. It was simply a contingent fee arrangement under which Meelad Joseph agreed and bound himself to pay them one-third of what he might recover by suit or compromise. It expressly recognized his right to compromise and settle the litigation. It vested in appellants no right of action against Mrs. C. Joseph. He did settle and compromise the litigation, if not by execution of the deed to his mother and brother July 15, 1941, certainly by his deed to Mrs. C. Joseph February 16, 1949, for which he was paid $100. The foregoing propositions are settled by the case of Cochran v. Henry, 107 Miss. 233, 65 So. 213. The fee contract in that case was much stronger in favor of the attorneys that the agreement in question. That contract acknowledged receipt of the payment of five dollars concurrently with the execution thereof. The consideration on the part of the attorneys in the present contract is simply a promise to render future services. In the Cochran case the client expressly agreed not to compromise the case without the joint signature of Mr. Pat Henry, the attorney. Indeed, it expressly conferred upon Henry the right to compromise the case. In the present case the client reserved the right to compromise the litigation without the consent of his attorneys. Further, the contract in the Cochran case had this provision, ''The intention and purpose of this writing being that I hereby bargain, sell, assign, transfer and set over to the said Pat Henry one-half ($\frac{1}{2}$) or fifty (50) percent of whatever in lands, moneys, choses in action and personal property that I may be entitled to receive by and through'' the will there involved, and it appointed Henry,

the attorney in fact of his client, with power to sign and execute all papers and documents necessary to prosecute or compromise the case, and it approved all acts Henry might perform in the prosecution or settlement of the litigation, and, to guarantee that Henry would be protected, it purported to impress a lien in his favor upon any and all property which might be recovered. Yet, under that contract, this Court held (1) the attorney was not vested with an interest in the subject matter of the litigation, and (2) the provision prohibiting the client to settle the litigation without the joint signature of the attorney was invalid. We think the Cochran case, and those cited in that opinion, are controlling here on the point under consideration.

However, appellants say the deed from Meelad Joseph to Mrs. C. Joseph was, as to them, a fraudulent conveyance under Section 1327, Code 1942. A sufficient answer to that contention is appellants were not creditors of Meelad Joseph when the two deeds were executed by him. They were contingent creditors, depending upon the outcome of the litigation. The demurrer was properly sustained upon the ground above discussed, not considering or deciding the other contentions made therein.

This, of course, does not affect in any manner any claim or right appellants may have now, or in the future, against Meelad Joseph. This bill of intervention is against Mrs. C. Joseph, and while the conclusions here reached result in an affirmance of the action of the chancellor in sustaining the demurrer of Mrs. Joseph, the bill of Meelad Joseph against Mrs. C. Joseph is yet pending, which necessitates an affirmance of the issues involved on the appeal, but a remand of the cause for disposition as between Meelad Joseph and Mrs. C. Joseph.

Affirmed and remanded.

**Alexander, J.,** (specially concurring).

I concur in the result reached herein, but am of the opinion that an appeal from the decree sustaining a de-

murrer to the petition for intervention does not lie. Farmers & Merchants Bk. v. Rushing, 175 Miss. 826, 167 So. 784; 4 C. J. S., Appeal and Error, Sec. 116(2). This appeal cannot settle all the controlling principles of the cause nor the right of all the parties.