65 So.2d 213

### BROWN v. STATE.

### 7 Div. 245.

### Court of Appeals of Alabama.

### May 5, 1953.

Scott, Dawson & Scott, Fort Payne, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen. (Robt. P. Bradley, Montgomery, of counsel), for the State.

CARR, Presiding Judge.

The accused, Donald Brown, was tried and convicted in the lower court for the offense of wilfully injuring the DeKalb County, Alabama courthouse by breaking windows in the jail section of said building. Title 14, § 80, Code 1940.

There was no request by the defendant for the general affirmative charge; neither did he file a motion for a new trial.

When the State rested in the introduction of its testimony, the defendant's attorney made a motion to exclude the evidence on the ground " * * * because the State has not proven the ownership of the property alleged to have been defaced or destroyed."

■ It is a legal truism that our courts take judicial knowledge of statutes of this state. Vaughn v. State, 17 Ala.App. 35, 81 So. 417.

■ It is the duty of the governing body of a county to obtain suitable sites and erect thereon a courthouse and jail. Title 12, §§ 178, 185, and 257, Code 1940.

See also 257 Ala. 316, 59 So.2d 61.

■ It may be noted that the statute under which the defendant was prosecuted is directed against possession and not ownership. Foster v. State, 25 Ala.App. 228, 144 So. 37.

■ Appellant urges in brief that the verdict of the jury does not indicate the amount of damage done to the jail. It is doubtful if this question is presented for our review. However, we see no reason for this ascertainment. The statute stipulates that the fine goes to the injured party. This provision could be fully complied with without determining the amount of damage to the injured property. This prosecution has no connection with the offenses denounced by Title 3, § 9, Code 1940.

We find no error in the record.

The judgment below is ordered affirmed.

Affirmed.