285 So.2d 778 (1973)
Vivian Taconi COLLIER et al.
v.
Mrs. Elolse Collier NECAISE.
No. 47306.
Supreme Court of Mississippi.
December 3, 1973.
Cornelius J. Ladner, Bay St. Louis, for appellants.
William M. Frisbie, Bay St. Louis, for appellee.
WALKER, Justice:
This is an attempted appeal from a decree of the Chancery Court of Hancock County, Mississippi.
The question before the Court is whether an attorney who has a contract with his clients which provides for a fee contingent upon the success of the litigation can appeal from an adverse ruling of a lower court to the Supreme Court against the express wishes and instructions of his client.
The appellants in this case entered into the following contract with the Honorable Cornelius J. Ladner:
"CONTRACT
THIS CONTRACT made and entered into by and between Vivian Collier, Harold Stiglet and Norma Stiglet and Cornelius *779 J. Ladner, Attorney, WITNESSETH:
That in consideration of the services rendered and to be rendered by the aforesaid Cornelius J. Ladner, WE, Vivian Collier, Harold Stiglet and Norma Stiglet, do hereby convey, warrant, assigns, sells, bargain and set over unto the said Cornelius J. Ladner one-third of all sums recovered by suit for having a deed set aside and having said deed declared null and void and have the said property re-conveyed and warranted back to the said Vivian Collier. And that one third sum to be the actual value of the said property as will be described in said Law Suit and being Pt. of Lot 3 and Pt of Lot 4 in Block 2, Toulme's Subdivision, Rear of the 2nd. Ward, City of Bay St. Louis, Miss., as per plat in the Office of the Chancery Clerk of the Chancery Court of Hancock County.
It is understood and agreed by and between all parties to this instrument that the fees hereinabove set forth are contingent upon recovery and should there be no recovery of any sum of money, then no compensation shall be due and owing said Attorney.
It is understood and agreed that the said Vivian Collier, Harold Stiglet and Norma Stiglet will pay all court costs.
WITNESS our signatures, this the 22nd day of April, A.D., 1972.
 Vivian Collier 
 By Norma Collier Stiglet
 Norma Collier Stiglet 
 Harold Stiglet 
 Cornelius J. Ladner 
 WITNESS:
 Bonnell P. Ladner "
Pursuant to said contract, the attorney instituted suit to have the deed from Vivian Collier to Mrs. Eloise Collier Necaise set aside on the ground that said deed had been fraudulently obtained. The cause was heard on its merits by the chancellor in the lower court who found that the allegations of the bill of complaint had not been proved and entered a decree dismissing same with prejudice.
This final decree was entered on June 19, 1972.
Thereafter on June 22, 1972, Mr. Ladner filed a petition for appeal to the Supreme Court on behalf of his clients. On that same day the chancellor entered an order allowing the appeal.
On June 23, 1972, the attorney gave notice to the court reporter advising him to transcribe his notes. On that same day, June 23, 1972, Vivian Taconi Collier, Norma C. Stiglet and Harold Stiglet advised Mr. Ladner by letter that they did not desire to take an appeal stating that they were willing to abide by the decision of the chancery judge. That letter reads as follows:
"Mr. Cornelius J. Ladner, Attorney Main Street Bay St. Louis, Mississippi
Dear Mr. Ladner:
 RE: Vivian Taconi Collier
 et al 
We have decided that we do not want to take an appear (sic) in the above case which you have been handling for us.
The Chancery Judge rendered a decision in favor of the defendant and we are willing to abide by his decision. We understand the cost of an appeal is high and we have no guarantee of winning. Also, we could be faced with the possibility of another trial and we do not believe that the health os (sic) the undersigned, Vivian Taconi Collier, would permit her to testify.
We feel that the trial itself was an ordeal and we would not want to have to repeat that.

*780 Please do not take any steps toward appealing the case.
 Thanking you, we are,
 Mark: Vivian Taconi Collier 
 Norma C. Stiglet 
 Harold Stiglet 
 CC: Judge Hewes
 Austin Malley, Court Reporter
 John Rutherford, Sr. Chancery
 Clerk
 WITNESS: George Anderson 
 WITNESS: Janet Anderson" 
A carbon copy of this letter was sent to Judge Hewes, Austin Malley, court reporter, and John Rutherford, Sr., chancery clerk. The record shows that a copy of the letter was filed by the chancery clerk in his office on June 23, 1972. On that same date, June 23, 1972, Mr. Rutherford sent the following letter to Mr. Ladner:
 "Hon. Cornelius J. Ladner
 Attorney at Law
 Ladner Building
 Bay St. Louis, Mississippi
 Reference: Collier et al vs. Necaise,
 Cause No. 11674
Dear Mr. Ladner:
This is to advise you that we are in receipt of a letter signed by two of the complainants in the above entitled cause, Mrs. Collier and Mr. Stiglet, wherein they state in unequivocal language that they do not desire to appeal their case. It is my opinion that a litigant may not be forced to appeal, therefore, we must respectfully decline to prepare a transcript to be filed in the Mississippi Supreme Court.
You have filed with us $300.00 to cover the cost of preparing the transcript. I enclose herewith my check in that amount as a refund.
You have stated to us that you have a contract with your clients. This, of course, is a matter between you and your clients, and is no concern of the Chancery Clerk. We must follow the directions of the litigants.
 Yours very truly,
 John D. Rutherford, Jr.
 Chancery Clerk
 JDR:kw
 Enc.
 cc: Hon. William G. Hewes, Chancellor
 Mr. Austin Malley, Court Reporter"
Although the letter from the chancery clerk to the Honorable Cornelius C. Ladner indicated that only two of the complainants had signed the aforementioned letter, a review of the record reveals that all three of the complainants had signed said letter.
Thereafter, Mr. Ladner sent the following letter dated June 30, 1972, to Mr. Rutherford demanding that he proceed to prepare the record of appeal:
 "CORNELIUS J. LADNER
 Attorney at Law
 Ladner Building
 124 Main Street  P.O. Box 412
 Bay St. Louis, Mississippi 39520
 June 30, 1972
 Honorable John D. Rutherford, Jr.
 Chancery Clerk of Hancock County
 Hancock County Courthouse
 Bay Stain (sic) Louis, Mississippi 39520
 RE: Vivian Taconi Collier, et al vs.
 Mrs. Eloise Collier Necaise, Cause
 No. 11,674
 Chancery Court, June Term, 1972,
 Hancock County, Mississippi
Dear Mr. Rutherford:
The said above styled and entitled Cause was tried on the 15th day of June, 1972. A Final Decree was entered on the 19th day of June, 1972. I filed on the 22nd day of June, 1972, a Petition for Appeal to the Mississippi Supreme Court and received *781 my Order on the 22nd day of June, 1972 granting the right to take the appeal to the Mississippi Supreme Court. Then on the 23rd day of June, 1972, a Cash Bond was given to your Deputy Clerk, Lila Taylor before 12 Noon and in your presence. Miss Taylor took the cash and gave me a receipt that is dated and signed by her as your Deputy Clerk, showing that you received $300.00 for the Appeal to the Mississippi Supreme Court.
Now, Mr. Rutherford, you have written me a letter stating that you will not prepare my transcript so that I will be able to go to the Mississippi Supreme Court. This is to inform you that you do not have the authority to grant appeals to any Court, so therefore, you are forgetting, that I haven't requested a refund and I am this day returning to you the said Check in the sum of $300.00 that you mailed to me. This is to further inform you that you have put me to a lot of work, lost (sic) of time, plenty of trouble by being deprived of making my living and expense by taking the law into your own hands whenever you do not have the authority to do so.
Then, on the 29th day of June, 1972, I went to your office with the express purpose of returning the said Check in the sum of $300.00 that you mailed to me. But you refused to accept it. Therefore, I am this day mailing to you the said check with this letter, registered with a return receipt showing that you have received the said check in the sum of $300.00.
And too, when I was talking to you, you informed me, that the Chancery Judge advised you to do what you were doing. And at that point, I asked you, did you have a Court Order to do what you were doing? And your answer was no. I do not need one. That I would have to take and do whatever I wanted to do. And your lawyer also informed and advised you to do it without a Court Order by the Courts. And I again informed you right then and there, that I would mail the check back to you and hold you liable for your actions according to law as prescribed by law.
 Yours Truly,
 Cornelius J. Ladner 
 Cornelius J. Ladner
Enclosure: One Check $300.00"
The chancery clerk, pursuant to the demand of the above letter, prepared the record for appeal and sent same in due course to the Supreme Court.
The question here is whether the attorney, by the contract with his clients, has such interest in the cause of action or in the property in litigation as to give him a right to proceed with the appeal against the express wishes and instructions of his clients.
In Pollard v. Joseph, 210 Miss. 828, 50 So.2d 546 (1951), the Court had before it a contract between an attorney and his client similar to the contract here in question, and the Court there stated:
The rights of appellants rest upon their fee contract with Meelad Joseph. That contract engaged the services of appellants as attorneys to represent Meelad Joseph in all matters pertaining to the estate of his father, including the contest of his will, both in the chancery court of Leflore County and in the Supreme Court of Mississippi in case of appeal, and for such services Meelad agreed "... that parties of the second part shall have and receive an undivided one-third interest in and to all monies and property, real and personal that may be recovered from said estate by party of the first part in said litigation in full compensation to parties of the second part for their services in and about the estate aforesaid; and if said estate shall be settled by compromise between party of the first part and the other interested parties in said estate, then one-third of the *782 amount so received on compromise shall become the property of the second part of services rendered in this matter."

That instrument did not vest in appellants any present interest in the cause of action or in the property in litigation. It was simply a contingent fee arrangement under which Meelad Joseph agreed and bound himself to pay them one-third of what he might recover by suit or compromise. (210 Miss. at 833-834, 50 So.2d at 547-548). (Emphasis added).
The Court in that opinion discussed the case of Cochran v. Henry, 107 Miss. 233, 65 So.2d 213 (1914), and said:
The fee contract in that case was much stronger in favor of the attorneys than the agreement in question... . Further, the contract in the Cochran case had this provision, "The intention and purpose of this writing being that I hereby bargain, sell, assign, transfer and set over to the said Pat Henry one-half (1/2) of fifty (50) percent of whatever in lands, moneys, choses in action and personal property that I may be entitled to receive by and through" the will there involved, and it appointed Henry, the attorney in fact of his client, with power to sign and execute all papers and documents necessary to prosecute or compromise the case, and it approved all acts Henry might perform in the prosecution or settlement of the litigation, and, to guarantee that Henry would be protected, it purported to impress a lien in his favor upon any and all property which might be recovered. Yet, under that contract, this Court held (1) the attorney was not vested with an interest in the subject matter of the litigation, and (2) the provision prohibiting the client to settle the litigation without the joint signature of the attorney was invalid... . (Emphasis added). (210 Miss. at 834-835, 50 So.2d at 548).
The contract in question which Mr. Ladner had with his clients provided for payment of a fee to him of one-third of all sums recovered by suit for having a deed set aside. The fee was to be based on the actual cash value of the property which was the subject matter of the lawsuit and was contingent upon the success of the lawsuit. This did not give the attorney a vested interest in the litigation.
A contingent fee is one depending upon the success of services to be performed and is purely speculative in nature. 7 C.J.S. Attorney and Client § 186, page 1062 (1937). A valid agreement for the payment to the attorney of a proportion of a sum recovered in case of success does not give the attorney such an interest in the cause of action as to prevent the client, without consulting his attorney, from dismissing the suit or compromising it. Moreover, where the adverse party obtains a judgment, the client is under no obligation to his attorney by reason of such contract to prosecute an appeal. 7 C.J.S. Attorney and Client § 187, page 1070-1071 (1937).
In 91 A.L.R.2d 623 (1963) it is stated:
It is generally held that under a contract of employment whereby a client agrees to pay his attorney a specified percentage of such amount as may be recovered, the attorney has no sufficient interest to prosecute an appeal to protect his compensation after the client refuses to do so.
We are of the opinion that the contract between the litigants and the attorney in this case was simply a contingent fee contract and did not give the attorney such an interest in the outcome of the litigation that would permit him to prosecute the appeal without the consent and against the express wishes of his clients.
We are of the opinion that this appeal should be and is hereby dismissed with prejudice.
Appeal dismissed with prejudice.
RODGERS, P.J., and INZER, ROBERTSON, and BROOM, JJ., concur.