594 So.2d 29 (1992)
Edgar COLLINS
v.
STATE of Mississippi.
No. 07-KA-59650.
Supreme Court of Mississippi.
February 5, 1992.
*30 Steve Chance, Jackson, for appellant.
Mike C. Moore, Atty. Gen., Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and ROBERTSON, JJ.
PRATHER, Justice, for the Court:
This malicious mischief case arose from the August 5, 1988, judgment of the Circuit Court of Hinds County against Edgar Collins. The court adjudged Collins guilty of two counts of malicious mischief under section 97-17-67 of the Mississippi Code and sentenced him to two one-year, consecutive county jail terms for the two counts. The appellant timely filed a notice of appeal. The appellant raises no issues warranting reversal, and the lower court's decision is affirmed.

I.
Collins raises the following issues:
A. The trial court erred in that it lacked jurisdiction over the subject matter of this case.
B. The trial court erred in that the verdict is contrary to law and the overwhelming weight of the evidence.
C. The trial court erred in overruling the defense counsel's objection to strike the testimony of Hughes of the Jackson Fire Department, in regard to the defendant's leaving the scene of the crime, which is a separate crime, which evidence was solely used to inflame the jury.

D. The trial court erred by failing to submit a jury instruction on the legal significance of the testimony of Hughes of the Jackson Fire Department, *31 in regard to the defendant's leaving the scene of the crime, therefore rendering the jury with no guidance as to its significance, or lack of significance.

E. The trial court erred in not giving the jury the dictionary or definition of the terms "maliciously or mischievously" as requested by the jury.

II.
Edgar Collins identified himself as a former student associated with the Eastman School of Music and professors from Julliard and the Paris Conservatory. He joined the Marines and later graduated from Clarke College in Newton, Mississippi with degrees in Bible and psychology. After leaving the Marines, he testified, he has mainly worked in construction. Prior to 1979, Collins also served as pastor of two churches. He no longer serves as a pastor because his wife "ran off and left me with three little kids...." He has since remarried. By way of background to his behavior in this incident, Collins testified that he was once badly burned while driving a butane truck. He stated that, on another occasion, he attempted to rescue an elderly man from a burning house and received third-degree burns over a third of his body.
On October 12, 1987, Jane Smith drove to the Maywood Shell service station to buy gas. She pulled up to a full-service pump and was assisted by an attendant, Robertson. (R. 9-10). At some point, Edgar Collins came into the station. Robertson had seen Edgar Collins bring in a flat tire to be repaired on two prior occasions. Defendant Collins' Ford pickup was parked in front of Smith's car, five to ten yards away, with its headlights on.
Robertson testified that Collins carried a tire over and asked Robertson to repair it. According to Robertson:
[Collins] asked me, you know, would I like to have another shot [at repairing the tire], and I said I was by myself and I would try to get it sometime the rest of that evening and, if not, I would get on it first thing in the morning and he said, "No, sir, just give me my $8.50 back," and I said, "I can't do that either because my boss will have to okay that," and he said, "Well, never mind, I'll just get in my truck and run over your fucking station."
Robertson testified that he and Collins did not shout at each other. Customer Smith saw the two men talking as Robertson checked under her hood. Her window was rolled down slightly. She could not hear the whole conversation, but heard Robertson tell Collins, "[I] can't do it tonight... . [G]ive us a call in the morning." Robertson returned to attending to Smith.
Defendant Collins denied having spoken the words to which Robertson testified. He testified that Robertson was impolite to him; Collins described Robertson's personality as "grating" and testified, "I guess I'm not young enough or feminine enough for his taste." Collins stated that he told Robertson that "his boss ought to run him off from there."
Collins also testified that his sinuses were bothering him and his eyes were watering; he explained that, as he attempted to leave the station, he accidentally turned too far and ran into a pump. Collins stated that he did not remember seeing the pump and denied having had any intent to run into it.
From Smith's point of view of the incident, she saw Robertson close her hood and suddenly saw headlights coming toward her from an angle, but she then realized that the vehicle, a truck with a grate on the front, was headed toward a pump. She saw Collins drive into the pump. She stated:
And I shouted, "He's gonna hit me," and then I realized that [the headlights] were coming not at me  they were coming at the pump. And, you know, he just drove head-on into the pump and I could see him over the steering wheel and I could see his eyes and he just came head-long into the pump.
The pump immediately caught fire. The explosion knocked down Robertson, who then turned to see Collins backing his truck off of the pump island and driving away, with his truck on fire.
*32 Collins stated that, when he felt the impact and saw the flames:
I was scared to death. I had been hurt in a fire before  I don't like to get around them. If we have a fire in the fireplace, my wife lights half of them. I just don't like to fool with gas fires and I was worn out. Like I said, I had been up constantly the whole weekend, even though this was Monday night that the accident happened and I was still worn out and sick with the sinus and I just got scared and ran.
Smith could not get out of her driver-side door because of flames, so she escaped through the passenger door of her car and ran across the parking lot. She did not see Collins leave the station.
Smith testified that the car, owned by her husband, was a total loss. Wayne Bullock, operator of the station, testified that the incident totally destroyed one gasoline pump owned by Morris Oil Company.
Burnham Hughes, arson investigator, stated that he identified Collins by tracing Collins' license plate, but he could not find Collins at home that night. Collins admitted that he spent the night at the home of friends, and returned home after calling his lawyer the next day.

III.
On December 8, 1987, a Hinds County grand jury indicted Edgar Collins for two counts of malicious mischief under section 97-17-67 of the Mississippi Code of 1972: one count for damaging a gas pump and the other for damaging a car. On January 4, 1988, Collins waived arraignment and pleaded not guilty. On May 4, he moved to dismiss the charges for the court's lack of jurisdiction; he contended that he had violated a municipal ordinance which should have been addressed by a municipal court. The court denied the motion.
The jury found Collins guilty of both counts charged. On August 5, the court sentenced Collins to concurrent one-year sentences in the Hinds County jail. Collins subsequently moved for a new trial or, in the alternative, a judgment notwithstanding the verdict. Among his allegations, Collins claimed error in those same issues which he raises in this appeal.

A. The trial court erred in that it lacked jurisdiction over the subject matter of this case.
This issue presents a question of first impression: Does section 21-13-19 bar the state from prosecuting misdemeanors committed within municipal boundaries? In raising this question, Collins argues that the circuit court lacked jurisdiction and that the case should have been heard by a municipal court in the city of Jackson. In his brief, Collins claims that the charge was for a violation of a City of Jackson municipal ordinance and that exclusive jurisdiction lay in the municipal court. The state responds that Collins' indictment under a state criminal statute gave the circuit court subject-matter jurisdiction.
Subject-matter jurisdiction defines a court's authority "to entertain and proceed with a case." Bullock v. Roadway Express, Inc., 548 So.2d 1306, 1308 (Miss. 1989). In reviewing a subject-matter jurisdiction challenge, this Court looks at the type of case by examining the nature of the controversy and the relief sought, assuming the allegations in the well-pleaded complaint are true. Hood v. Dept. of Wildlife Conservation, 571 So.2d 263, 266 (Miss. 1990); see also Penrod Drilling Co. v. Bounds, 433 So.2d 916, 924-25 (Miss. 1983) (Robertson, J., concurring).
Under the constitution of this state, circuit courts have "original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court... ." Miss. Const. art. 6, § 156. Mississippi law grants to circuit courts the original jurisdiction to hear cases on grand jury indictment. See Young v. State, 140 Miss. 165, 167, 105 So. 461, 461-62 (1925). The statute under which the Hinds County grand jury indicted Collins is section 97-17-67 of the Mississippi Code (1972), which defines the crime against property of malicious mischief:
Every person who shall maliciously or mischievously .. . disfigure[] or injure, *33 or cause to be ... disfigured[] or injured, any property of another, either real or personal, shall be guilty of malicious mischief and, upon conviction thereof, shall be fined in a sum twofold the value of the property destroyed or of the damage done, or be imprisoned not exceeding twelve (12) months in the county jail.
Since the penalty in the statute does not call for a penitentiary term, malicious mischief is classed as a misdemeanor. See Miss. Code Ann. § 1-3-11 (1972) (defining "felony" as a violation of law punishable by death or confinement in the penitentiary).
Collins cites for authority a statute which states:
All offenses under the penal laws of this state which are misdemeanors ... are hereby made ... criminal offenses against the municipality in whose corporate limits the offenses may have been committed to the same effect as though such offenses were made offenses against the municipality by separate ordinance in each case... . [A]ny penalty of incarceration is hereby limited to no more than six .. . months in jail, and any fine is hereby limited to a maximum of one thousand dollars ... for each such violation in any case tried without a jury.
Miss. Code Ann. § 21-13-19 (1972). This statute gives a municipal court the authority to try misdemeanors. Fisher v. City of Eupora, 587 So.2d 878, 885 (Miss. 1991).
Further, the defendant asserts that subject-matter jurisdiction is controlled by the statutory language: "The municipal judge shall have the jurisdiction to hear and determine, without a jury and without a record of the testimony, all cases charging violations of the municipal ordinances and state misdemeanor laws made offenses against the municipality... ." Miss. Code Ann. § 21-23-7 (1972). This Court has held, however, that when a municipality incorporates a state-defined misdemeanor as an offense against the municipality, an act is considered an offense against the municipality only if the municipality brings the action. See Sartain v. City of Water Valley, 528 So.2d 1125, 1126-27 (Miss. 1988).
Applying the law to this case, the first question is under what rubric Collins was charged. While he asserts that he was charged with a violation of a municipal ordinance, he is incorrect. He was indicted by a grand jury under a state statute. In his waiver of arraignment and plea of not guilty, he stated that he understood the nature of the charge against him.
Notwithstanding that fact, he maintained after indictment, and continues to maintain, that he has been charged with the violation of a municipal ordinance. Collins' reasoning seems to be that, since section 21-13-19 allows municipalities to incorporate all state misdemeanors as municipal violations, his violation constituted a municipal offense. Thus, as a municipal offense, his case should only have been heard by a municipal judge and limited to the penalties meted out to municipal offenders.
Collins' argument is counter-intuitive and, possibly, frivolous. By his reasoning, this state could never prosecute a misdemeanor committed within municipal boundaries and a defendant could never receive a county jury trial for such a misdemeanor. Contrary to Collins' reasoning, the effect of § 21-13-19 is to allow more than one governmental entity to prosecute misdemeanors; the statute simply grants municipalities the authority to make use of the legislature's classifications of misdemeanors.
Collins also misconstrues section 21-23-7, granting a municipal judge jurisdiction over municipal violations. The statute grants a municipal judge authority to hear "all cases charging violations of the municipal ordinances and state misdemeanor laws made offenses against the municipality." Thus, when a municipality charges a defendant, either under an explicit municipal ordinance or an ordinance by incorporation from state misdemeanor law, the municipal court shall have jurisdiction. This statute does not, as Collins implies, deprive a county court of jurisdiction over misdemeanors committed within a municipality that lies within the county.
In this case, a county grand jury properly indicted Collins. Thus, the county circuit *34 court had original jurisdiction over the case. Collins' subject-matter-jurisdiction challenge fails.

B. The trial court erred in that the verdict is contrary to law and the overwhelming weight of the evidence.
Collins argues that the prosecution failed to make out the elements of the crime of which he was accused. He claims that the evidence supported no conclusion of malice or intent to injure property, "[t]here was only a regrettable accident." Essentially, then, Collins appeals the denial of his motion for new trial.
The Supreme Court will reverse the lower court's denial of a motion for new trial only if, by denying, the court abused its discretion. Wetz v. State, 503 So.2d 803, 812 (Miss. 1987); see, e.g., Crenshaw v. State, 520 So.2d 131, 135 (Miss. 1988); Leflore v. State, 535 So.2d 68, 70 (Miss. 1988); May v. State, 460 So.2d 778, 781 (Miss. 1984); Neal v. State, 451 So.2d 743, 760 (Miss. 1984), cert. denied, Neal v. Mississippi, 469 U.S. 1098, 105 S.Ct. 607, 83 L.Ed.2d 716 (1984). In Groseclose v. State, 440 So.2d 297, 300 (Miss. 1983), the court stated that a new trial should only be granted when "the verdict is so contrary to the overwhelming weight of the evidence that, to allow it to stand, would be to sanction an unconscionable injustice." Accord May, 460 So.2d at 781-782; Pearson v. State, 428 So.2d 1361, 1364 (Miss. 1983).
As noted above, the property crime of malicious mischief occurs when a person "maliciously or mischievously ... disfigure[s] ... or injure[s], or cause[s] to be ... disfigured ... or injured, any property of another, either real or personal... ." Miss. Code Ann. § 97-17-67 (1972). This Court has held that "[m]alice comprehends ill will, a wickedness of disposition, cruelty, recklessness, a mind regardless of social duty... ." Brett v. State, 94 Miss. 669, 47 So. 781, 782-83 (1908) (distinguishing "maliciously" or "malice" from "with malice aforethought"); see also Wexler v. State, 167 Miss. 464, 472, 142 So. 501, 502-503 (1932) ("the word `malicious' includes the word `willful'").
Collins' argument lacks merit. He denies that he had the requisite state of mind to have been found guilty of this crime. The record, however, reflects no overwhelming evidence to contradict the jury's verdict of malicious mischief. Against Collins' assertion that he bore no malice or intent, the jury heard Robertson's testimony of the conversation, corroborated in part by Smith's testimony, and supported by both witnesses' description of Collins' actions. Taken in a light most favorable to the verdict, the evidence shows that Collins became angry, threatened to damage the station, and immediately did so. At the very least, this evidence supports a finding of disregard of social duty or recklessness, and quite conceivably supports a conclusion of ill will or intent to damage property.
While Collins contends that Robertson's testimony should be weighed against his own testimony, relating "the true conversation between the parties," that is precisely what the jury did. The jury heard the testimony and observed the demeanor of the defendant and witnesses, saw the exhibits, and found Collins guilty. Collins has presented no evidence which would warrant disturbing the jury's verdict or the trial judge's upholding of that verdict. The trial court's denial of a motion for new trial should be affirmed.

C. The trial court erred in overruling the defense counsel's objection to strike the testimony of Hughes of the Jackson Fire Department, in regard to the defendant's leaving the scene of the crime, which is a separate crime, which evidence was solely used to inflame the jury.
At trial, when arson investigator Hughes testified about his attempts to locate Collins, the defense objected on grounds of relevance; the court overruled the objection. In Collins' motion for new trial, he reiterated his objection, on no specific grounds, to Hughes' supposed leaving-the-scene testimony. Collins argues here that the evidence of his leaving the scene bore no relevance to the elements of the charges, and that its introduction served no purpose other than to inflame the jury. *35 The state argues that Collins did not properly preserve this issue for review. Further, the state contends that Collins' fleeing the scene goes to the element of malice or mischief.
Regarding the relevant standard of review, this Court will not predicate error on a lower court's evidentiary ruling "unless a substantial right of the party is affected and ... a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context... ." Miss.R.Evid. 103(a) (1988).
Applying the law to this case, Collins' evidentiary argument fails for a number of reasons. First, he did not properly preserve it for review: at trial, Collins objected to the relevance of Hughes' testimony regarding his attempts to locate Collins; on appeal, Collins complains of the prejudicial impact of that testimony. Because Collins raises the issue of prejudice for the first time on this appeal, he has not properly placed the issue before the Court.
Furthermore, Collins' complaint is factually inaccurate: While Collins argues that Hughes' leaving-the-scene testimony served to inflame the jury, Hughes did not testify about Collins' leaving the scene. Hughes testified that he later could not locate Collins. Station attendant Robertson testified that he saw Collins leave the scene. Thus, Collins' complaint does not even accurately apply to recorded testimony.
Hughes' testimony appropriately came before the jury, and Collins' untimely raising of this issue lacks merit. The trial court's overruling of his objection to the testimony should be upheld.

D. The trial court erred by failing to submit a jury instruction to finding the legal significance of the testimony of Hughes of the Jackson Fire Department, in regard to the defendant's leaving the scene of the crime, therefore rendering the jury with no guidance as to its significance, or lack of significance.
The trial court instructed the jury to find Collins guilty if it found that he "maliciously or mischievously disfigured or injured" the gas pump or the Smith car. Further, the court instructed the jury to return a guilty verdict only if it found beyond a reasonable doubt that Collins bore "malicious or mischievous intent to disfigure or injury" the property in question. The court instructed the jury not to be swayed by "bias, sympathy, or prejudice." Collins argues that the jury failed to receive proper instructions on how to weigh the leaving-the-scene evidence. The state argues that no instruction was necessary, nor was one offered by Collins.
Regarding the standard for reviewing jury instructions, an instructional error will not warrant reversal if the jury was fully and fairly instructed by other instructions. Laney v. State, 486 So.2d 1242, 1246 (Miss. 1986). This Court assumes that juries follow the instructions given to them by the trial court. Payne v. State, 462 So.2d 902, 904 (Miss. 1984); Carter v. State, 450 So.2d 67, 69 (Miss. 1984).
First, as discussed above, Hughes' testimony did not relate to Collins' leaving the scene; it related to Collins' staying away from his home and failing to contact the police. Second, Collins never proposed a jury instruction for the court to even pass on the merits of an attempt to "cure" Hughes' supposed testimony. Third, since the court instructed the jury in the elements of malicious mischief, this Court assumes that the jury followed these instructions in finding that Collins' acts fulfilled the elements necessary for the jury to reach a guilty verdict. Thus, for numerous reasons, Collins' claim of error in the lack of a jury instruction regarding Hughes' testimony fails.

E. The trial court erred in not giving the jury the dictionary or definition of the terms "maliciously or mischievously" as requested by the jury.
Included among the clerk's papers is a note which says, "Dictionary or definition *36 of term `maliciously or mischievously' [signed] Windsor T. Jones." (C.P. 36). Jones' name appears as foreperson in the jury verdict. (C.P. 37). Collins claims that the conviction was improper because the jury received no definition of "maliciously or mischievously," even after the jury requested assistance. The state argues that no facts to support this claim appear in the record.
Regarding preservation for review, Mississippi statutory law holds, "Exceptions and bills of exceptions shall be necessary only when it is desired to preserve exceptions to some ruling or decision of the court which would not otherwise appear of record." If an appellant raises for review an issue not raised in the pleadings, transcript, or rulings, the appellant must have preserved the issue by raising it in a motion for new trial. Jackson v. State, 423 So.2d 129, 131 (Miss. 1982) (citing Colson v. Sims, 220 So.2d 345, 346 n. 1 (Miss. 1969)); Griffin v. State, 495 So.2d 1352, 1353 (Miss. 1986). The rationale for this rule is based on the policy of giving the trial judge, prior to appellate review, the opportunity to consider the alleged error. Cooper v. Lawson, 264 So.2d 890, 891 (Miss. 1972) (citing Clark v. State, 206 Miss. 701, 39 So.2d 783, suggestion of error overruled 206 Miss. 701, 40 So.2d 591 (1949)); Howard v. State, 507 So.2d 58, 63 (Miss. 1987).
Collins' complaint of error in this issue cannot be reviewed by this Court because Collins failed to preserve a record for proper review. He does not complain of failure to give a pre-deliberation jury instruction, but of failure to respond to the jury's request for information during deliberation. For record support, Collins points only to the unexplained note stating "Dictionary or definition of term `maliciously or mischievously'" and bearing the signature of a person who, elsewhere in the record, appears as foreperson of the jury. The court's denial of this purported request for information does not appear on the record. Collins made no recorded objection to this purported denial. Nor did Collins mention this alleged error in his motion for new trial.
If an error occurred and was not obvious from the record, Collins bore the duty to raise it in a motion for new trial. Since he failed to do so, the issue is not properly before this Court. Further, were it not for Collins' explanation in his brief, this Court would have no means of interpreting the significance of the note appearing among the clerk's papers. Thus, even if the issue were properly preserved for review, this Court would not have the information necessary to decide the issue. With no recorded error to consider, Collins' complaint on this issue fails.
With no further information than the note contained in the record, and even assuming it came from the jury during deliberations, the trial court did not abuse its discretion in refusing to define the words "maliciously" or "mischievously." Collins did not preserve this allegation of error for review.
For these reasons, the trial court's decision should be affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.