# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-00625-SCT

*MELVIN INGRAM*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/08/96 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEAN SMITH VAUGHAN |
| DISTRICT ATTORNEY: | FRANK CARLTON |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/08/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/31/97 |

**BEFORE SULLIVAN, P.J. , SMITH AND MILLS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

This appeal arises from the Order denying Ingram's motion for post-conviction relief by the Sunflower County Circuit Court on May 8, 1996. However there was a second Order filed on August 21, 1996, in response to the State's Motion To Reconsider Post-Conviction Order. The May 8th order denied the relief sought by finding that although the indictment, apparently criminal cause number 95-0161, was technically defective since it did not conclude with the constitutionally mandated language "against the peace and dignity of the State of Mississippi", Ingram waived such defect when he entered a voluntary plea of guilty. The State filed a Motion To Reconsider Post-Conviction Order alleging that Ingram misled the court by only attaching page one of a two page indictment. Further the State alleged that the motion was not well taken on its merits because the indictment does contain the wording that Ingram alleged to have been omitted.

In response to said motion the Circuit Court of Sunflower County drafted another Order filed on August 21, 1996, once again denying the requested relief sought by Ingram. In that Order the judge found that Ingram's plea was in cause number 95-0160 and not 95-0161.However, it further found that neither indictments were defective in that they both properly concluded with the required language and therefore Ingram's motion was frivolous and without merit. The notice of appeal states this appeal is from the Order issued on May 8, 1996.

The record contains two indictments each being two pages long and both entered on June 8, 1995. Both of these indictments, Exhibits A and B were made part of the August 21, 1996 order. The first indictment, cause number 95-0161, charged Ingram with the sale of less than one ounce of marihuana under Section 41-29-139(a)(1) & (b)(3) and Section 41-29-147 as a subsequent offender. On page two of the indictment it also included the two necessary prior felony convictions, one for the sale of marihuana on June 10, 1991, and the other for burglary on September 10, 1981, in order to sentence him under Section 99-19-81 of the Mississippi Code of 1972, the habitual offender statute. The second indictment, cause number 95-0160, charged Ingram with the sale of cocaine under Section 41-29-139(a)(1) and Section 41-29-147, and included the same two necessary prior convictions in order to also sentence him under the habitual offender statute. Both indictments concluded with the language "against the peace and dignity of the State of Mississippi" at the bottom of both pages.

When looking at Ingram's Motion for Post Conviction Relief Ingram stated that the nature of the offense was sale of cocaine. This would explain why the judge determined that the motion was pertaining to cause number 95-0160 and not cause number 95-0161. However on the appeal to this Court both Ingram and the State set out in their briefs the crime of the sale of marihuana and neither brief mentions the sale of cocaine. The record includes neither a transcript of Ingram's entry of his guilty plea to either offense charged nor a copy of any sentencing order. Ingram, according to the notice of appeal, is appealing the Order dated May 8, 1996. The only issue raised in his motion before the lower court was the defective indictment. However, on appeal Ingram assigns the following two new errors for this Court's consideration:

> **I. WHETHER OR NOT THE TRIAL COUNSEL WAS INEFFECTIVE WHEN WAIVING A CONSTITUTIONAL DEFECTIVE INDICTMENT AND PERMITTING APPELLANT TO PLEA TO THE SAME IN VIOLATION TO MISSISSIPPI CONSTITUTION ARTICLE 6 § 169 OF 1890.**
>
> **II. WHETHER THE GUILTY PLEA WAS KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY ENTERED WHEN THE TRIAL COURT FAILED TO INFORM APPELLANT AS TO WHICH ENHANCEMENT PENALTY THE STATE WOULD SEEK TO USE FOR THE PURPOSES OF PUNISHMENT; AND THE TRIAL COURT WAS WITHOUT STATUTORY AUTHORITY TO IMPOSE A TWELVE (12) YEAR SENTENCE PURSUANT TO § 41-29-139(a)(1) & (b)(3) OF THE MISSISSIPPI CODE ANNOTATED OF 1972.**

## STATEMENT OF THE LAW

### ISSUE ONE

The State argues that this claim is procedurally barred because it was not raised in the motion for

post-conviction relief. Although the trial court did not address this claim and the claim was inartfully drafted, there is mention in the motion that Ingram's attorney did not challenge the fatally defective indictment. However, this Court finds that it is devoid of merit. Ingram should not be allowed to relitigate an issue already decided by the trial court under the guise of ineffective assistance of counsel.

A claim for ineffective assistance of counsel is judged by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) and adopted by this Court in *Stringer v. State*, 454 So. 2d 468 (Miss. 1984). Ingram must show: (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Stringer*, 454 So. 2d at 477. This standard also applies to challenges to guilty pleas. *Coleman v. State*, 483 So. 2d 680, 683 (Miss. 1986); *Roland v. State*, 666 So. 2d 747, 750 (Miss. 1995). The defendant has the burden of satisfying both prongs of the test. *Edwards v. State*, 615 So. 2d 590, 596 (Miss. 1993). If either part of the test is not satisfied then the claim must fail, and therefore if Ingram can not prove that his attorney's representation was deficient then the inquiry must end.

Ingram argues to this Court that counsel's performance was deficient when he failed to petition the trial court pursuant to Miss. Code Ann. § 99-7-21, for a Motion to Demur the indictment. He next argues that he was prejudiced because this deficiency erroneously permitted the trial court to impose a sentence which exceeded what was permitted by Miss. Code Ann. § 41-29-139(a)(1) & (b)(3). This argument does not concur with the evidence in the record.

Although the Order filed May 8, 1996, which is the Order being appealed only found that Ingram had waived the defect in the indictment, the circuit court, in the second Order filed August 21, 1996, found that neither indictment was defective. The facial sufficiency of the indictment has already been determined by the trial court. When looking at both indictments, all four pages end with the required language "against the peace and dignity of the State of Mississippi." Ingram has failed to meet the first part of the *Strickland* test that his attorney's performance was deficient. For how could his attorney's performance be deficient by failing to demur to a facially correct indictment? Since there is no showing of any deficiency of performance on the part of Ingram's counsel, there is no need to discuss the issue of prejudice. There is no merit to this assignment of error.

## ISSUE II IS PROCEDURALLY BARRED

The State correctly asserts that Ingram's second claim about his plea being involuntary and that the sentence imposed was unlawful is procedurally barred. Mississippi Code Ann. § 99-39-21(1) (1994) explains that the failure to raise issues that were capable of determination at trial constitutes a waiver and shall be procedurally barred unless there is a showing of cause or actual prejudice. Ingram has made no attempt and has failed to meet his burden of overcoming this bar by either showing cause or prejudice; therefore, this claim is procedurally barred. *Smith v. State*, 500 So. 2d 973, 975 (Miss. 1986); *Billiot v. State*, 454 So. 2d 445 (Miss. 1984).

Ingram failed to properly plead and present a record to this Court, and the issues of unlawful sentencing and involuntary plea should have been raised in the trial court and not for the first time in his brief on this appeal. There is no mention of this error in Ingram's motion for post-conviction relief, and consequently it was never addressed by the lower court. This Court has stated, "[a]n assignment of error may not be raised for the first time on appeal". *Berdin v. State*, 648 So. 2d 73,

80 (Miss. 1994) (*citing Collins v. State*, 594 So. 2d 29, 35 (Miss. 1992)). Therefore the second issue is procedurally barred as it is not properly before this Court. In *Berdin v. State*, this Court never even considered the procedurally barred issue on the merits. *Id.* at 80.

In addition, there is no way to address the merits of these issues because the record does not include a sentencing order, a petition to enter a guilty plea or a transcript of the taking of the guilty plea. It is even unclear to this writer which offense, if not both offenses for which Ingram was indicted, that Ingram entered his plea of guilty. There is nothing in the record to clear this up or inform this Court what Ingram's sentence was for what crime. The only thing in the record that even mentions a twelve year sentence is in Ingram's motion which seems to correlate to the sale of cocaine offense instead of the sale of marihuana. How can you review a claim based on the failure of the trial court to advise Ingram about which enhancement penalty the State would seek or the unlawfulness of a sentence when there is nothing in the record to review? This Court may not act upon statements in briefs or arguments which are not reflected in the record. *Shelton v. Kindred*, 279 So. 2d 642, 644 (Miss. 1973); *Moawad v. State,* 531 So. 2d 632, 635 (Miss. 1988). It is the appellant's duty to preserve and prepare the record for appeal. *Shelton*, 279 So. 2d at 644. Since the record contains no transcript of the plea hearing, this Court will presume that the trial court acted properly. *Moawad*, 531 So. 2d at 635.

Even trying to address this issue on the merits, the State correctly argues that mere allegations that Ingram was not informed of the parameters of the sentences which the trial judge could impose have not been substantiated by the record. Ingram had notice of the statutes under which he was indicted and he has not overcome the presumption that the trial court correctly informed him of the possible sentence or that the length of the sentence was erroneous. Therefore, this Court determines this claim has no merit, procedural bar notwithstanding.

## CONCLUSION

Ingram has failed to establish that either issue presented on this appeal has any merit. As to the issue of ineffective assistance of counsel, Ingram has failed to prove that his attorney's representation in any way was deficient. Furthermore, the second issue pertaining to the involuntariness of his plea and the alleged imposition of an unlawful sentence is procedurally barred as well as devoid of any merit. Therefore, the circuit court properly denied Ingram's motion for post-conviction relief and this Court affirms that decision.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**