¶ 1. On November 16, 2000, Michael Crump was found guilty of malicious mischief and fined $3500 plus court costs and statutory assessments. Aggrieved, Crump asserts the following issue:
 THE TRIAL COURT'S DENIAL OF DEFENDANT'S MOTION TO DISMISS IS CONTRARY TO APPLICABLE MISSISSIPPI LAWS SINCE ONE CANNOT MALICIOUSLY REMOVE PERSONAL PROPERTY AFFIXED TO REAL PROPERTY SUBJECT TO THE EXISTENCE OF A BOUNDARY LINE DISPUTE. THUS, THE JUDGMENT RENDERED IN THIS CAUSE WAS AGAINST THE OVERWHELMING *Page 1214 WEIGHT OF THE EVIDENCE ADDUCED AT TRIAL.
Finding no error, we affirm.
 FACTS
¶ 2. On November 4, 1994, Carley purchased property adjacent to land owned by Crump. The warranty deed Carley received at purchase noted an exception of "[a] 35-foot wide strip of land" along the borderline which separated the Carley and Crump properties, which was conveyed without warranty. Carley and Crump had several discussions about the disputed land but were never able to settle the matter. No civil actions were ever filed by either party in an attempt to settle the matter. Crump painted trees to mark the boundary line that he alleged to be accurate.
¶ 3. Soon after Carley purchased the land he placed a "shooting house" some ten feet to his side of the boundary line of painted trees and almost fifty feet from the boundary line marked on his deed. Carley also placed two "tree stands" just within the boundary line of painted trees and about forty feet from the boundary line marked on his deed.
¶ 4. In November of 1999, approximately during the day before "opening day" of deer season, Crump destroyed the "shooting house" and the two "tree stands" with his tractor. Carley arrived to find no trace of the three structures. Crump admitted at trial that he destroyed the structures after he claimed Carley refused to move them. The "shooting house" had been in the same place for almost five years before Crump destroyed it and it had been erected without complaint by Crump at the time. Carley denied Crump ever discussed the assertion that Carley's structures were on Crump's property.
¶ 5. On November 24, 1999, Carley filed an affidavit in justice court alleging that Crump had committed malicious mischief. The justice court found Crump guilty of malicious mischief. Crump filed an appeal to circuit court on March 20, 2000. A jury trial was held on November 16, 2000, wherein Crump was found guilty of malicious mischief and fined $3500 plus court costs and statutory assessments.
 ANALYSIS
¶ 6. The decision to grant or deny a motion for new trial is discretionary with the trial court. McClain v. State, 625 So.2d 774, 781 (Miss. 1993). In order to preserve the issue for consideration on appeal, the defendant must raise the issue that the verdict was against the overwhelming weight of the evidence as a ground for his motion for new trial. Ponder v. State, 335 So.2d 885, 886 (Miss. 1976). In Ford v.State, 753 So.2d 489, 490 (¶ 8) (Miss.Ct.App. 1999), we held that:
 [i]n determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice.
(citing Danner v. State, 748 So.2d 844, 846 (¶ 7) (Miss.Ct.App. 1999)). See also Turner v. State, 726 So.2d 117, 125 (¶ 29) (Miss. 1998); Herring v. State, 691 So.2d 948, 957 (Miss. 1997); Groseclose v.State, 440 So.2d 297, 300 (Miss. 1983). "Any less stringent rule would denigrate the constitutional power and responsibility of the jury in our criminal justice system." Hughes v. State, 724 So.2d 893, 896 (¶ 14) (Miss. 1998). It has also been established that "the jury is the judge of the weight and credibility of testimony and is free to accept or reject all or some of the testimony given by each witness." Meshell v. State,506 So.2d 989, *Page 1215 
991 (Miss. 1987). See also Hilliard v. State, 749 So.2d 1015, 1017 (¶ 10) (Miss. 1999); Lewis v. State, 580 So.2d 1279, 1288 (Miss. 1991); Gandy v. State, 373 So.2d 1042, 1045 (Miss. 1979). The "testimony of a single uncorroborated witness is sufficient to sustain a conviction . . . even though there may be more than one person testifying to the contrary." Williams v. State, 512 So.2d 666, 670 (Miss. 1987).
¶ 7. Miss. Code Ann § 97-17-67 (Rev. 2000) states as follows:
 Every person who shall maliciously or mischievously destroy, disfigure, or injure, or cause to be destroyed, disfigured, or injured, any property of another, either real or personal, shall be guilty of malicious mischief and, upon conviction thereof, shall be fined in a sum twofold the value of the property destroyed or of the damage done, or be imprisoned not exceeding twelve (12) months in the county jail.
The term "malicious mischief" has been defined by our supreme court inCollins v. State, 594 So.2d 29, 34 (Miss. 1992). In Collins, the court stated that "[m]alice comprehends ill will, a wickedness of disposition, cruelty, recklessness, a mind regardless of social duty. . . ." Id. (citing Brett v. State, 94 Miss. 669, 47 So. 781, 782-83 (1908)). TheCollins court also cites Wexler v. State, 167 Miss. 464, 472, 142 So. 501, 502 (1932), as authority which established that "the word `malicious' includes the word `willful.'"
¶ 8. Crump contends that it is not legally possible for a landowner to maliciously remove or destroy personal property belonging to an adjacent landowner when the property is located on real property subject to an ongoing ownership dispute. However, Crump cites us to no authority which supports this view. Crump asserts that he removed this personal property due to the advice of his attorney in order to protect the property from adverse possession. Crump goes on to argue that it is for this reason, the prosecution failed to provide evidence which supports the element of malicious intent. Crump theorizes that because the element of malicious intent was not proven, the verdict was against the overwhelming weight of the evidence.
¶ 9. While Crump's argument that in destroying the property, he intended to protect his property from adverse possession is an interesting approach, it is unsuccessful. Our supreme court has firmly established the following six essential elements which must be met in order to successfully make a claim of adverse possession: the property must be (1) under claim of ownership; (2) actual or hostile; (3) open, notorious, and visible; (4) continuous and uninterrupted for a period of ten years; (5) exclusive; and (6) peaceful. Sharp v. White, 749 So.2d 41
(¶¶ 7-8) (Miss. 1999); Stallings v. Bailey, 558 So.2d 858, 860 (Miss. 1990); Pieper v. Pontiff, 513 So.2d 591, 594 (Miss. 1987); Johnsonv. Black, 469 So.2d 88, 90 (Miss. 1985). If Crump intended to gain ownership of the property, the action of destroying Carley's property would defeat the element of peaceful possession. If Crump intended to terminate Carley's period of adverse ownership, which seems to be the case, the act of destroying Carley's property was unnecessary. The most effective and simple method of terminating an adverse possessor's period of ownership is to have the possessor evicted from the property. Crump filed no civil proceedings in order to remedy the matter. The record reveals no attempt by Crump to notify the sheriff's department of a trespasser. Therefore, in either case, advice to destroy property was not good advice and does not create a defense for Crump from the conviction of malicious mischief. *Page 1216 
¶ 10. The bottom line of Crump's argument is that he was not acting maliciously but in good faith with advice. Crump's argument is nothing more than a jury issue. The jury was given two instructions requested by the defense. Instruction D-7 required the State to prove beyond a reasonable doubt:
 that Mr. Crump maliciously or mischievously destroyed the property of another. If you have a reasonable doubt as to whether the State has met its burden, you must return a verdict of not guilty.
Likewise, by Instruction D-9 the jury was informed:
 The Court instructs the jury that if you find that Mr. Crump was acting under a good faith belief and with reasonable prudence that the land in question was his own, and that Mr. Crump repeatedly told Mr. Carley to move the stands and the house, then; you should return a verdict of not guilty.
¶ 11. Although we know of no case of malicious mischief directly concerning, as here, disputed property, we find persuasive Foster v.State, 144 So. 37 (Ala.Ct.App. 1932), an older Alabama case cited by the State. In Foster, we find the following language:
 The offense denounced by this statute is against the possession and not against the title to the property. If the defendant Foster had the legal title to the property, there was a way open to her to assert this right in a legal and orderly manner. The law will not permit her to assert her right vi et armis as against one in possession under color of title.
Foster, 144 So. at 38 (citations omitted).
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY OFCONVICTION OF MALICIOUS MISCHIEF AND FINE OF $3500 IS AFFIRMED. THE COSTSOF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, LEE, IRVING,MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.